E. M. DAVIS, plaintiff in error, *vs.* D. R. ROGERS, defend-ant in error.

The 54th section of the Judiciary Act of 1799, does not apply to cases in which the error complained of, is matter of record. Such cases are governed by the law applicable to them, in force, at the adoption of the Constitution of the State.

Certiorari, in Fannin Superior Court, May Term, 1857. Decision by Judge BROWN.

E. M. Davis commenced his action against D. R. Rogers, to recover the balance due on a promissory note, amounting to one hundred and ten dollars, returnable to January Term, 1856, of Fannin Inferior Court. He made an affidavit for bail.

The Sheriff made his return upon the writ, that he had "executed the within case, by arresting the body and taking bond of D. R. Rogers in terms of the law; this November 8th, 1855."

At the return term of the writ, defendant moved to dis-miss the case upon the grounds:

1st. Because defendant had not been served with a true copy of the writ.

Davis vs. Rogers.

2d. Because the initials of the given names of the parties, plaintiff and defendant, only were named in the writ, instead of the names in full.

The Court dismissed the action, and plaintiff sued out a certiorari and brought said decision for review and reversal before the Superior Court. Plaintiff averred in his petition for certiorari, that he moved the Court to allow the Sheriff to amend and perfect his return, which the Court refused. He also averred that he moved to amend his writ by inserting the names of plaintiff and defendant in full, which the Court refused. That notice had been given to defendant of the application for certiorari, and bond and security filed, and cost paid as required by law.

There was a certificate and answer of the Justices, that bond and security had been given and cost paid as required by law, and that plaintiff excepted to the decision made by the Inferior Court as stated in the petition for certiorari.

Upon the hearing of the certiorari before Judge Brown, counsel for defendant moved to dismiss the certiorari on the following grounds:

1. Because no bill of exceptions had been signed, sanctioned and filed as required by the statute.

2. Because no notice of the application for the certiorari had been given as required by statute.

3. No bond had been given as required by the statute.

4. There was no affirmation of the truth of the facts set forth in the petition.

The Court refused the motion to dismiss, and ordered the certiorari to be sustained on both the grounds taken, and that plaintiff have leave to amend his declaration and the Sheriff to amend his return according to the facts.

To which decision, counsel for defendant excepts.

MARTIN & REID, for plaintiff in error.

E. W. CHASTAIN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Ought the Court to have sustained the motion to dismiss the certiorari?

It was not disputed in the argument for the plaintiff in error, that, if the judgment overruling this motion was right, the judgment sustaining the certiorari was right. The question on the motion to dismiss the certiorari, is therefore, the only question.

The last two grounds of that motion, may be disposed of in a word,—they are not true in point of fact.

The two other grounds resolve themselves into this,—that the plaintiff in the certiorari, had not complied with the requisitions of the 54th section of the Judiciary Act of 1799.

These two grounds are true, in point of fact; the only question as to them, therefore, is, whether they are good, in point of law?

This question may be resolved into these; is every *certiorari* void, the plaintiff in which, has not complied with the section aforesaid, of the Act of 1799? If not, is the present certiorari one of those that are not void?

The Constitution, speaking of the Superior Courts, says, that they—" shall have power to correct errors in inferior judicatories by writ of certiorari." 3. *Art* 1. *Sec.*

Now, at common law, the writ of certiorari, pure and simple, was not used as a means of bringing errors to correction; it was used merely to take a case out of one Court, and to put it into another Court. The writ used for the former purpose, was the writ of error; but the writ of error was composed of two parts; "first a *certiorari* to remove the record, and secondly, a *commission* to examine it." *Tidd. Pr.* 1143.

And, doubtless, it was to the certiorari as *one of these two parts of the writ of error*, that the makers of the Constitution had reference, when they used the term "certiorari," in the passage above quoted from the Constitution. The term, writ of error, would not have been technically appropriate,

Davis vs. Rogers.

because, as we have seen, one of the two parts of that writ is a *commission*, and that part was supplied by the Constitution itself, in the words, " shall have power to correct errors," &c.

This being so, it may be assumed, I think, that the makers of the Constitution, in saying, that the Superior Courts should "have power to correct errors," "by writ of certiorari," meant, that the issuing, the return, and the hearing of the certiorari, should be regulated as much as possible by the part of the common law, regulating the issuing, the return, and the hearing, of the writ of error.

Now this part of the common law does not say, that the writ of error is to be confined to cases, in which the applicant for the writ, has got his grounds of error into a bill of exception, and, had given to the other party notice of his intended application for the writ. Far from it; it does not require him to give such notice in any case; and, it permits him to have the writ, if there is an error apparent upon the record whether there is a bill of exceptions or not.

This then was the law regulating certiorari, at the adoption of the Constitution. Of course this would remain that law, until it should be repealed, or modified.

This law, so far as the Justices Courts are concerned, was not touched until 1811, thirteen years after the adoption of the Constitution. And then it was touched but slightly. *Cobb's Dig.* 523. But, so far as the Inferior Courts are concerned, the law was touched in 1799—the next year after the adoption of the Constitution. The law was touched by the 54th section of the Judiciary Act of 1799. That section is as follows: " When either party in any cause in any Inferior Court shall take exceptions to any proceedings in any case affecting the real merits of such cause, the party making the same shall offer such exceptions in writing, which shall be signed by himself or his attorney ; and if the same shall be overruled by the Court, it shall and may be lawful for such party on giving twenty days notice to the opposite party or

his attorney, to apply to one of the Judges of the Superior Court, and if such Judge shall deem the said exceptions to be sufficient he shall forthwith issue a writ of certiorari, directed to the Clerk of such Inferior Court, requiring him to certify and send up to the next Superior Court, to be held in and for said county, all the proceedings in the said cause, and at the term of the Superior Court to which such proceedings shall be certified, the said Superior Court shall determine thereon, and order the proceedings to be dismissed, or return the same to the Inferior Court with orders to proceed in the said cause." *Cobb's Dig.* 522.

This section was, it is likely, taken from *Westminster* 2, 13. *Ed.* 1, *C.* 31, by which it is enacted that—" when one impleaded before any of the Justices, alleges an exception praying they will allow it, and if they will not, if he that alleges the exception writes the same, and requires that the Justices will put their seals, the Justices shall do so, and if one will not another shall; and if, upon complaint made of the Justice, the King cause the record to come before him, and the exception be not found in the roll; and the plaintiff show the written exception, with the seal of the Justices thereto put, the Justice shall be commanded to appear at a certain day, either to confess or deny his seal, and if he cannot deny his seal, they shall proceed to judgment according to the exception, as it ought to be allowed or disallowed." *Bowv. Law Dic.* "Bill of exceptions."

The words of this act are quite as comprehensive, as those of the Judiciary Act of 1799. "When one impleaded," &c. is an expression quite as comprehensive as the expression "where either party in any cause," &c.

Yet it was ever held, that the words of this act of *Westminster 2d*, did not include cases in which, the error complained of, was apparent upon the record, but included only cases in which, that error was not apparent upon the record.

And, certainly, there is room for this interpretation, for the words are merely affirmative. The words are not such as

Davis vs. Rogers.

these—"error shall lie in the following cases and in *no others.*"

And there is even more call for such an interpretation, in respect to the Judiciary Act. That act is such, that the exception to which it refers, "must, to be effective, have been "overruled by the Court." Therefore, the matter to which that exception relates, must be some matter that happens during the term of the Court. But matter of the first importance may happen, by allowance of this same Judiciary Act, after the close of the term. The act allows judgments to be signed on verdicts, at any time *within four days after the ad*journment of the Court. And, of course, it may happen, that an error may be committed in one of these judgments thus signed after the adjournment of the Court. Say that the verdict in a case, is for the defendant, and yet that the judgment thus signed, is for the plaintiff. Now such an error as this, is not an error to which exception can be taken under the Judiciary Act, for it is not an error, the exception to which, can be overruled by the Court; as, the Court has adjourned before it exists. If, therefore, that act be so interpreted, as to make the cases in which error lies, such only as that act includes, then it follows, that such a case as this, is not a case in which error lies. And surely, an act is not to be so interpreted that it shall produce such a result as this, unless the words of the act are such, as absolutely to require it to be so interpreted.

Upon the whole, we think, that this 54th section of the Judiciary Act modified, or repealed, so much only of the old law relating to writs of error, as applied to cases in which a bill of exceptions was necessary.

Thinking this, we have to hold, that other cases are still governed by the old law—the law that was in force at the adoption of the Constitution.

The present case is one of those other cases. The matters complained of in the present case are matters of record; and a bill of exceptions was never necessary by the old law,

in order to render matters of record, available on a writ of error,

The result is, that the judgment of the Court below overruling the motion to dismiss the writ of error, must be affirmed.

Judgment affirmed.