### JOHN M. BRYANT *et al.*

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

1. WRIT OF ERROR—*right to supersedeas.* While the constitution secures to all persons the right to a writ of error in all civil cases where the judgment or decree is final, the right to have the same made a *supersedeas* is not a constitutional right, and the legislature may impose terms upon which it shall be granted.

2. Under the tenth section of the act of March 28, 1873, relating to the collection of taxes, a party prosecuting a writ of error from a judgment against his real estate for taxes, must deposit the amount of the judgment, before a *supersedeas* can be granted.

3. INJUNCTION—*jurisdiction of Supreme Court to grant.* The Supreme Court has no jurisdiction to grant an original injunction in a case, and if it had, it could not be allowed except upon bill in chancery. It could not be allowed on motion in a suit at law.

WRIT OF ERROR to the County Court of Cook county; the Hon. M. R. M. WALLACE, Judge, presiding.

This was an application for judgment against certain lands for delinquent taxes due the city of Chicago. The county court rendered judgment, and refused to allow appeals therefrom without the owners depositing the amount of the judg-

ment, as required by the statute. The land owners thereupon prosecuted this writ of error.

Mr. EDWARD ROBY, for the appellants.

Per CURIAM: This was a judgment for delinquent taxes, against the lands of several persons, rendered by the county court of Cook county. They bring the record and file it in this court, and ask us to make an order on the Cook county court to allow an appeal, and, in the meantime, to grant an injunction restraining a sale of the lands to satisfy the judgment against these lands.

If this is to be considered as an application for an order for a *supersedeas*, the reply is, that the parties have not, under the tenth section of the act of the 28th of March, 1873 (Sess. Laws, p. 42), deposited the amount of the judgment for taxes. That is the condition upon which a *supersedeas* can alone be granted in such a case, under that act.

In an application at the present term for a *supersedeas*, we held that, whilst the constitution secured to all persons the right to a writ of error in all civil cases where the judgment or decree is final, the right to have such a writ of error made a *supersedeas* is not a constitutional right, and the legislature may impose terms upon which it shall be granted. To have such a writ made a *supersedeas*, is not required by the constitution. We, in that case, refused to make the writ of error a *supersedeas*, and must refuse to make such an order in this case.

As to the application for an injunction, it is only necessary to say that it was held in the case of *Campbell* v. *Campbell*, 22 Ill. 664, that this court has no jurisdiction to grant an original injunction in a case. That case is conclusive of this application.

Again, there is no bill filed in this case upon which an injunction could be issued. It was a proceeding under the statute, in form at law, and not in chancery. It would be unheard of in practice to grant an injunction in such a case

without an appropriate bill framed for the purpose; but, whilst the motion asks an injunction, it is, in effect, for a *supersedeas,* under another name.

The motion is denied.

*Motion denied.*