Hayden *vs.* The State of Georgia.

failure to execute a criminal warrant therein. Whether an attachment be a civil or criminal proceeding, the county of his residence is the proper venue of the case. Constitution, art. VI., sec. XVI., par. 6; 17 *Ga.,* 187.

(*a.*) *Semble,* that upon a proper proceeding by information to the court of the county of the sheriff's residence, and after a hearing, he might be compelled by proper penalties to perform his duty, if he be neglecting it. Code, §§269, 361.

September 26, 1882.

HAYDEN *vs.* THE STATE OF GEORGIA.

| 69 | 731 |
| 88 | 49 |
| 69 | 731 |
| 95 | 348 |
| 69 | 731 |
| 99 | 24 |
| 69 | 731 |
| 107 | 721 |
| 108 | 390 |
| 69 | 731 |
| 115 | 855 |

1. The right to correct the errors of inferior judicatories by *certiorari* is a constitutional right; and although the act creating the city court of Hall county provided that "a writ of error shall be direct from the said city court to the Supreme Court of this state, upon a bill of exceptions filed under the same rules and regulations as govern and control the issuing of writs of error and filing of bills of exceptions in the superior courts of this state," such remedy is cumulative, and does not deny the right of *certiorari.*

JACKSON, C. J., *dubitante.*

2. A plaintiff in *certiorari* must allege error so distinctly that a reviewing court may understand the ground of error relied on.

(*a.*) For a plaintiff in *certiorari* to allege that the judge who presided on the trial of a criminal case was disqualified, "because he was the

attorney at law of the Richmond and Danville Railroad Company, which, it is averred, was interested in the litigation pending, involving the property which the applicant was convicted of having forcibly entered and detained," was not sufficient, where it did not appear in what manner either the judge or his client was interested in the present case.

3. The statement of a prisoner is admissible by statute, to be weighed and passed upon by the jury, and they may believe it, notwithstanding it conflicts with the sworn testimony of witnesses.   Therefore, when a legal and pertinent request to charge has been made in writing, based upon such statement, it should be given ; otherwise, the statement would be restricted in its effect.

4. It is error for the court to charge in a criminal case that the jury should not discredit sworn testimony entirely, in order to believe the statement in preference thereto.    The credit to be given to the statement is a question exclusively for the jury.

September 19, 1882.

SPEER, Justice.

[It is necessary to state only the following, in connection with the above syllabus : "The court was requested to give in charge, a hypothesis based upon the statement of the prisoner.  This he declined to do, on the ground that there was no evidence upon which to base such charge ; but charged that the jury "should not discredit the sworn testimony in the case entirely, in order to believe the statement in preference thereto."]