MAXWELL *vs*. TUMLIN, and *vice versa*.

1. The only mode, under the constitution, by which the superior court can correct errors in inferior courts is by the writ of *certiorari*, and an act of the legislature providing that for the correction of errors in a city court a bill of exceptions might be taken to the superior court, and that from the ruling of the latter court thereon a bill of exceptions might be taken to the Supreme Court, is unconstitutional.

2. The legislature, having passed a general law on the subject of carrying cases from inferior courts to the superior court by writ of *certiorari*, had no power, under the constitution, to pass a special and different law for the county of Bartow.

December 16, 1887.

Constitutional Law. Courts. Laws. Bartow County. Before Judge FAIN. Bartow Superior Court. July Term, 1887.

Reported in the decision.

J. B. CONYERS, for plaintiff.

M. R. STANSELL, for defendant.

SIMMONS, Justice.

Maxwell brought suit in the city court of Bartow county against Hudgins & Tumlin, as partners. Tumlin filed a plea denying the partnership. Upon the trial of the case in that court, the jury found that he was a partner, and he made a motion for a new trial in the city court, which was overruled by the judge, and he excepted and filed his bill of exceptions to the superior court of Bartow county, under the 20th section of the act approved October 10th, 1885, creating the city court of Bartow county. That section provides, " that any sentence, judgment or decision of the said city court, or the judge thereof, . . . may be reviewed and corrected by the superior court of said county of Bartow, upon a bill of exceptions thereto, and

the same laws and regulations which govern bills of exceptions from the superior court to the Supreme Court, as the same now exist, . . . shall govern and regulate bills of exceptions from the city court to the superior court, so far as applicable." It provides that the bill of exceptions to the superior court "must be tendered and certified within fifteen days instead of thirty, and when certified, must be filed in the office of the clerk of the superior court, and a copy thereof served upon the opposite party within ten days thereafter. . . . All such bills of exceptions shall stand for hearing in said superior court at the next term, after the filing of the same in the office of the clerk thereof; . . all such cases shall be heard and disposed of by the superior court at the first term, unless continued by providential cause. Upon the rendition of judgment by the superior court upon any such bill of exceptions, such judgment, after being entered upon the minutes of said superior court, shall, together with the original bill of exceptions and the entire record in the case, be returned to the office of said city court, where said judgment shall be duly recorded and enforced." It provides also that such case may be carried by bill of exceptions from said superior court to the Supreme Court.

When the case was called in the superior court of Bartow county, the defendant in error moved the court to dismiss the bill of exceptions, on the ground that the superior court had no jurisdiction, under the constitution of Georgia, as a court of error, to review by bill of exceptions the judgments of said city court in a motion to set aside a verdict rendered in said city court; on which motion the judge passed the following order: "It is ordered by the court that the foregoing motion be overruled and refused." The defendant excepted, and assigns the same as error.

The court proceeded to hear the bill of exceptions from the city court, and affirmed the judgment of the city court refusing to grant a new trial to the plaintiffs in error; whereupon the plaintiffs in error filed their bill of exceptions to this court.

The main question in this case is, whether the superior court of Bartow county had power and jurisdiction to review a judgment of the city court, upon a bill of exceptions sued out from the city court to the superior court, as provided in section 20 of the act establishing the city court of Bartow county.

The constitution of the State, art. VI, sec. II, par. V, says: " The Supreme Court shall have no original jurisdiction but shall be a court alone for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah, and such other like courts as may be hereafter established in other cities; and shall sit at the seat of government at such times in each year as shall be prescribed by law for the trial and determination of writs of error from said superior and city courts."

The code, section 4266, declares that "the mode now prescribed by law for carrying cases from the superior courts to the Supreme Court, shall obtain in and apply to the city courts of the cities of Savannah and Augusta, and such other like courts as may be hereafter established."

The constitution, article VI, sec. IV, par. V, (code, §5153,) declares, that the superior courts "shall have power to correct errors in inferior judicatories by writ of *certiorari*, which shall only issue on the sanction of the judge."

Section 4049 of the code says: " The writ of *certiorari* will lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers." Section 4052 provides the manner of obtaining the writ of *certiorari* from an inferior judicatory.

It is manifest from the constitution and from the statutes. cited, that it was the intention of the framers of the constitution, and of the legislature, to provide the writ of *certiorari* to the superior courts to all persons dissatisfied with the judgments of inferior judicatories and who desire to have those judgments corrected by the superior court. The writ of *certiorari* is a constitutional as well as a statu-

tory remedy. The legislature has provided by general law the manner and means of carrying out this constitutional provision. The only power and authority given by the constitution to the superior courts to correct errors in inferior courts, is by the writ of *certiorari*. The legislature has no power to provide other means than those prescribed in the constitution for correcting errors in inferior courts by the superior courts. Even if this were not true, the legislature having passed a general law on the subject of carrying cases from inferior courts to the superior courts by writ of *certiorari*, it had no power, under the constitution, to pass a special and different law for the county of Bartow.

The constitution, article I, sec. IV, par. I, (code, §5027,) prohibits the legislature from enacting any special law " for which provision has been made by an existing general law." We hold, therefore, that where a party is dissatisfied with the judgment of a city court or inferior judicatory, and desires to have that judgment corrected by the superior court, he may apply for the writ of *certiorari* as prescribed in the constitution and laws of this State. *Hayden vs. The State*, 69 *Ga.* 731. If he is dissatisfied with a judgment in the city court, and does not wish to apply for the writ of *certiorari*, the constitution and the laws provide for a bill of exceptions direct from the city court to the Supreme Court.

These propositions being true, it follows that the superior court of Bartow county had no power or jurisdiction to review the proceedings of the city court of Bartow county upon a bill of exceptions from the city court to the superior court; and that he erred in overruling the motion to dismiss the bill of exceptions, and in hearing and determining the case upon said bill of exceptions.

Judgment reversed in both cases.