## ARCHIE *v.* THE STATE.

1. Although the city court of Cartersville may have the power to grant new trials, it is nevertheless an inferior judicatory whose final judgments may be reviewed by the superior court upon *certiorari*, and this remedy may be invoked without first moving for a new trial in the city court.
2. The fact that, in a given case tried in the city court mentioned, a motion for a new trial was made, will not cut off the movant's right to take the case up by *certiorari*, if he voluntarily dismisses such motion and applies for the writ of *certiorari* within the time prescribed by the statute.

March 30, 1896.

*Certiorari.* Before Judge Milner. Bartow superior court. January term, 1896.

*J. W. Harris, Jr.,* for plaintiff in error.

*A. W. File, solicitor-general,* by *A. S. Johnson,* contra.

LUMPKIN, Justice.

The plaintiff in error, upon a trial before a jury in the city court of Cartersville, was convicted of a misdemeanor. He filed a motion for a new trial; but, before the same was passed upon, voluntarily dismissed it, and sued out a writ of *certiorari* to the superior court. For answer to the writ of *certiorari,* the judge of the city court stated, in effect, that the accused, having elected to move for a new trial, was bound by his election; and, after voluntarily abandoning the remedy he had chosen, could not elect to avail himself of another; and, further, that no writ of *certiorari* would lie to a verdict and judgment in the city court, for the reason that a person convicted therein might move for a new trial, to the judgment on which he could then either sue out a writ of *certiorari,* or assign error by bill of exceptions to the Supreme Court; but that the jurisdiction of the city court could not be divested until its powers for the correction of errors were exhausted; and, for the reasons thus set forth, no further answer was made. The *certiorari* was finally dismissed on the ground that "*certiorari* does not lie from the verdict and judgment of the city court, where no motion for a new trial has been made,"—the judge of the superior court evidently treating the dismissed motion for a new trial as no motion at all, which was undoubtedly the correct view to take of that matter.

If the city court had no power to grant a new trial, *certiorari* was undoubtedly the proper remedy. *Daniel* v. *State,* 55 Ga. 222. But on the assumption that this court has authority to grant new trials, it is nevertheless an inferior judicatory whose final judgments may be reviewed by the superior court upon *certiorari. Hayden* v. *State,* 69 Ga. 731; *Maxwell* v. *Tumlin,* 79 Ga. 573.

This being settled, the remaining question is: Could the remedy of *certiorari* be invoked without first moving for a new trial in the city court? This question is answered affirmatively by the principle announced in *Roach* v. *Sulter*, 54 *Ga.* 458. It was there held, that even after bringing a bill of exceptions to this court from the city court of Savannah which was dismissed, the complaining party might still file a *certiorari* to the superior court, if applied for within three months from the dismissal here. The right of *certiorari* being a constitutional one, the privilege of moving for a new trial is merely cumulative; and a complaining party could avail himself of that in the first instance, or not, as he chose. Certainly, the mere filing of a motion for a new trial could not cut off the plaintiff in error from his right of *certiorari*; because, that motion having been voluntarily dismissed, it was, as has already been remarked, properly to be considered as no motion at all. Unquestionably, the dismissal of that motion rendered the judgment of the city court final, and terminated the jurisdiction which that court had over the case. A writ of *certiorari* having been applied for within the time prescribed by the statute, it ought to have been entertained and the judge of the city court required to make a full answer.                    *Judgment reversed.*