### 6149.   YOUNG *v.* BROYLES.

1. The right of certiorari is a constitutional right, and may be used to review any judgment of an inferior judicatory. It may be exercised without moving for a new trial in the court in which the case was tried, or it may be used as a means of reviewing the judgment upon a motion for a new trial; and the right is unaffected by anything that may have transpired in the lower court, if the remedy is pursued in due time.

2. The right of certiorari being a constitutional right, the statutory privilege of moving for a new trial, provided in the act creating the municipal court of Atlanta (Acts 1913, p. 167), is merely cumulative, and a complaining party may avail himself of the privilege in the first instance, or not, as he chooses. The grant of the latter remedy does not debar one from resorting to certiorari as a means of obtaining a judgment which is final unless set aside.

DECIDED MAY 17, 1915.

Certiorari; from Fulton superior court—Judge Bell. October 15, 1914.

*Simmons & Simmons, R. J. Jordan,* for plaintiff.

*Harvey Hatcher,* for defendant.

RUSSELL, C. J.   Young brought suit against Broyles in the municipal court of Atlanta. The petition was dismissed upon demurrer, and the plaintiff sued out a writ of certiorari to review the judgment. The judge of the superior court dismissed the petition for certiorari, upon the ground that "the plaintiff in certiorari had not exhausted his remedies provided by the act establishing the municipal court of Atlanta, he not having entered an appeal to the appellate division of the municipal court, but having taken a certiorari direct from the judgment of the individual judge trying said case." The single question, therefore, presented to our consideration is whether one who complains of the judgment of the particular judge of the municipal court who has tried his case, and seeks to have it reviewed, must first appeal to the appellate division of the court, before he is entitled to certiorari, or can in the first instance seek a review by certiorari. We are of the opinion that the

ruling upon this question is controlled by the decision of this court in *Marks* v. *State,* 8 *Ga. App.* 283 (68 S. E. 951), in which this court held that "The right of certiorari is a constitutional right, and may be used to review any judgment of an inferior judicatory. It may be exercised without moving for a new trial in the court in which the case was tried, or it may be used as a means of reviewing the judgment upon a motion for new trial; and the right is unaffected by anything that may have transpired in the lower court, if the remedy is pursued in due time." This being true, the judge of the superior court erred in sustaining the motion to dismiss the petition for certiorari.

If the right of review were limited and confined to that provided by the act creating the municipal court of Atlanta (Acts 1913, p. 145), errors committed by a trial judge might be corrected in the appellate division and the necessity for a review by the superior court be obviated; and if we were influenced by the argument ab inconvenienti we might be inclined to hold that a litigant in the municipal court of Atlanta is not entitled to certiorari until he has exhausted the remedy provided by the act creating the court. However, the ruling in *Mark's* case, supra, was made after the writer had carefully examined the cases cited in *Hood* v. *State,* 4 *Ga. App.* 847 (62 S. E. 570), as well as the rulings of the Supreme Court in *Roach* v. *Sulter,* 54 *Ga.* 458, *Archie* v. *State,* 99 *Ga.* 23 (25 S. E. 612), *Stewart* v. *State,* 98 *Ga.* 202 (25 S. E. 424), *Hayden* v. *State,* 69 *Ga.* 731, and *Maxwell* v. *Tumlin,* 79 *Ga.* 573 (4 S. E. 858). In *Archie* v. *State,* supra, Justice Lumpkin said: "The right of certiorari being a constitutional one, the privilege of moving for a new trial is merely cumulative; and a complaining party could avail himself of that in the first instance, or not, as he chose." In that case, the plaintiff in error had filed a motion for a new trial in the city court of Cartersville and had dismissed it, and the court ruled that "unquestionably the dismissal of that motion rendered the judgment of the city court final, and terminated the jurisdiction which that court had over the case. A writ of certiorari having been applied for within the time prescribed by the statute, it ought to have been entertained." In the *Marks* case, supra, the motion for a new trial had been overruled before the application for certiorari was presented, and hence the ruling in that case, that the remedy of certiorari "may be used as a means of reviewing the

judgment upon a motion for new trial," was in reply to the contention that no other course was open to Marks upon the overruling of his motion for a new trial except to sue out a writ of error to review the judgment of the judge of the city court refusing a new trial. But the real point upon which the right to review a judgment of an inferior judicatory depends is whether the judgment complained of is final. Review by certiorari is a constitutional right which is available to any one seeking to review the judgment of an inferior judicatory, even though there may be other cumulative remedies which might be applied to the same end. The act creating the municipal court of Atlanta provides a specific means of reviewing the judgment of the particular judge who tries the case in the first instance, and is silent as to applications for certiorari; but certainly it can not be inferred from this silence that the legislature intended to deprive litigants of an inherent right without even referring to it. See *Hood* v. *State,* supra; *Dixon* v. *State,* 121 *Ga.* 346 (49 S. E. 311). A judgment rendered by any judge of the municipal court of Atlanta is final unless excepted to, and the party who complains has the option of proceeding either by the route prescribed by the act or by certiorari.

There is no conflict between what is now ruled and the holding in *Woodward* v. *Gresham,* 16 *Ga. App.* 207 (84 S. E. 981), though a casual reading of the decision might perhaps convey that impression. As expressly stated in the decision, the only point for adjudication in that case was whether the grant of a nonsuit in the municipal court of Atlanta could be reviewed by the appellate division of that court by a motion for a new trial. It was held in that case that though "the act of 1913 (Acts 1913, p. 167) creating the municipal court of Atlanta provides no other method of review *in that court* of a judgment therein, in the first instance, by a single judge, than by a motion for a new trial," "the writ of certiorari . . . is always available to review any final judgment of an inferior judicatory." It is apparent from this that the court was speaking only of the fact that a motion for a new trial was the exclusive mode of review in the municipal court of Atlanta, without any intention, of course, of holding that any final judgment of that court might not be reviewed by the constitutional remedy of certiorari. In that case there was a motion for a new trial. In the case at bar, so far as appears from the record, no motion for a

a new trial was made. The plaintiff in error proceeded in the first instance to avail himself of the constitutional right of certiorari, which permits the superior court to review the judgments of all inferior judicatories.

The act creating the municipal court of Atlanta provides that any person dissatisfied with the judgment of the court in the first instance,—that is to say, the judgment rendered by a particular judge who tried the case,—*may* make an oral motion for a new trial; and the act proceeds to prescribe the method in which the motion shall be disposed of, and to provide for an appeal in case the motion is overruled; but there is nothing in the language used which indicates any intention on the part of the General Assembly to abridge or postpone the exercise of the litigant's right of certiorari, or to regulate the manner of its exercise. The use of the word *may,* to our minds, clearly denotes nothing more than an intention to provide a cumulative remedy. Even if we concede that the General Assembly could have prescribed the manner in which the writ of certiorari should be exercised, by declaring that there should be no writ of certiorari until after the remedy of a motion for a new trial and appeal had been exhausted, there is nothing in the act to indicate that such was the legislative intent. We are therefore clearly of the opinion that the remedy by motion for a new trial and appeal provided by the act of 1913 creating the municipal court of Atlanta is not exclusive, but merely cumulative,—a right which the complaining party may use at his option in case he does not prefer to proceed directly by certiorari.

This view is strengthened when we consider that in a case such as this—where the only question presented is one of law—a decision on certiorari in the first instance might speed the final determination of the case and shorten litigation rather than prolong it. In the present case the petition of the plaintiff in the municipal court was dismissed on general demurrer; therefore the sole question presented was whether, as a matter of law, the plaintiff had a case. Without considering the apparently anomalous provision by which a trial judge would have been required to determine on a motion for new trial the correctness of his ruling upon the demurrer, if a motion for new trial had been made and the motion had been overruled and the judgment of the municipal trial judge had been affirmed upon appeal to the appellate division of the municipal

court, the case then could have proceeded by certiorari, or by a direct bill of exceptions to this court. If, upon the hearing in the appellate division, the judgment of the trial judge had been reversed for the reason that he erred in sustaining the general demurrer, the case would then have to be tried, with the probability of again traveling over the same route, and also with the probability that the precise question raised by the demurrer would be raised by one or the other of the parties upon review.

There is no force in the argument that, since the act creating the municipal court of Atlanta was passed in pursuance of a constitutional amendment which authorized the General Assembly to confer on this court or other like courts jurisdiction for the correction of errors in and by said courts, and that since, by the terms of section 41 of the act creating the municipal court of Atlanta (Acts 1913, p. 167), provision is made for a rehearing in that court, the power to grant or refuse a new trial affords an adequate means of review, so as to exclude the exercise of the right of certiorari until the remedies available in the municipal court have been exhausted. The right of certiorari is granted in article 6, section 4, paragraph 5, of the constitution (Civil Code, § 6514); and section 5183 of the Civil Code declares: "When either party, in any cause in a justice's court, corporation court, council, or any inferior judicatory, or before any person exercising judicial powers, shall be dissatisfied with the decision or judgment in such cause, such party may apply for and obtain a writ of certiorari by petition to the superior court." One of the prime objects of the constitutional amendment of 1912, and the act creating the municipal court of Atlanta in pursuance thereof, was to supersede the justice's courts in certain cities by municipal courts authorized to exercise jurisdiction with which justice's courts were formerly clothed; and it can not be said that "the municipal court of Atlanta, as such, has not spoken until the appellate division has spoken, unless the decision of a judge is acquiesced in by the parties," any more than it can be affirmed that a justice's court had not spoken upon a matter of law until there had been a verdict upon an appeal in the justice's court. The act creating the municipal court of Atlanta specifically designates the review by the appellate division of that court as an appeal; and while it is true that the act prescribes that upon appeal, as upon motion for a new trial, questions of law may be determined,

it contains nothing that restricts one who complains of the judgment of the particular judge who tried the case to that method of review; for in all cases where only questions of law are to be determined by the superior court, the remedy may be found by a writ of certiorari. *Greenwood* v. *Boyd,* 86 *Ga.* 584 (13 S. E. 128). In *Fontano* v. *Mozley,* 121 *Ga.* 46 (48 S. E. 707), it is said: "An appeal is allowed only by statute. At common law, as well as by the Civil Code, . . a writ of certiorari lies to the judgment of any inferior judicatory. The losing party before any inferior judicatory has the right to review its judgment by certiorari, but he has not the privilege of a second trial unless it is expressly given him by statute. *Roser* v. *Marlow, R. M. Charl.* 543." It is plain from these rulings that the right of review provided for in the act creating the municipal court of Atlanta is merely cumulative to the right of certiorari, and is not exclusive.

*Judgment reversed. Broyles, J., disqualified.*