## JOHNSTON v. BRENAU COLLEGE-CONSERVATORY.

1. Certiorari is an available remedy to review a judgment rendered in the municipal court of Atlanta, without making an oral motion for a new trial before the judge trying the case, or without first taking an appeal to the appellate division of that court from the judgment of the trial judge refusing an oral motion for a new trial.

2. Where issues of fact are involved in the trial of a case in the municipal court of Atlanta, and the court passes upon such issues without the intervention of a jury, the right of certiorari can be exercised without moving for a new trial in that court.

3. A judgment of the appellate division of the municipal court of Atlanta can be reviewed by certiorari applied for within thirty days from the rendition of such judgment.

4. There is nothing in the amendment to the constitution, ratified on October 2, 1912 (Acts 1912, p. 30), which abrogates the right of certiorari. Nor is there such necessary conflict between the constitutional provision conferring the right of certiorari and the amendment just mentioned as abrogates and repeals the right of certiorari.

   (a) The method of review in the municipal court of Atlanta, provided by the act of 1913 establishing that court (Acts 1913, p. 145), does not exclude the right of certiorari.

5. The first part of question five can not be answered, because no provision of the constitution is specified with respect to which the constitutionality of the portion of the act of 1913 set forth in the question is challenged.

   (a) The finding of the trial judge in the municipal court of Atlanta on the facts, or the verdict of a jury therein, can be reviewed by certiorari.

   (b) Where a party obtains a writ of certiorari directed to the trial judge in the municipal court of Atlanta, he can have reviewed the question whether the finding is contrary to law; but if, instead of suing out the writ of certiorari, he takes an appeal to the appellate division, he can not have such finding reviewed by certiorari.

   (c) Subdivision (b) of section 42 of the act of 1913 (Acts 1913, p. 168) denies to a petitioner in certiorari, or a plaintiff in error seeking a review in the Court of Appeals, the right to urge the question of sufficiency of the evidence as a ground for reversal.

6. Under the ruling in the case of *Lynch* v. *Southern Express Co.*, ante, 68 (90 S. E. 527), this court will not answer the 6th question propounded by the Court of Appeals.

NOVEMBER 17, 1916.

Questions certified by Court of Appeals (Case No. 6252).

*M. Herzberg* and *D. K. Johnston,* for plaintiff in error.

*J. G. Collins* and *W. I. Hobbs,* contra.

HILL, J. The Court of Appeals has asked the Supreme Court for instruction on the following questions involved in this case:

"1. In the municipal court of Atlanta, established by the act of 1913 (Acts 1913, pp. 145 to 177, inclusive), where no jury is

demanded and the trial judge passes upon issues of both law and fact involved in the trial of a case by him and renders judgment, is certiorari available to review such judgment without making an oral motion for a new trial before the judge trying the case, or without first taking an appeal to the appellate division of that court from the judgment of the trial judge in refusing an oral motion for a new trial?"

Article 6, section 4, paragraph 5, of the constitution of this State (Civil Code, § 6514) declares that the superior courts of this State "shall have power to correct errors in inferior judicatories, by writ of certiorari, which shall only issue on the sanction of the judge; and said courts and the judges thereof shall have power to issue writs of mandamus, prohibition, scire facias, and all other writs that may be necessary for carrying their powers fully into effect, and shall have such other powers as are or may be conferred on them by law " And see Civil Code, §§ 5180, 5183. It will thus be seen that the constitution confers the right of certiorari on the superior courts. And by reference to the act of 1912 (Acts ·1912, p. 30), being an act submitting to the people for ratification an amendment to art. 6, sec. 7, of the constitution, so as to provide that the legislature may abolish justice courts and the office of justice of the peace and notaries public ex-officio justice of the peace in certain cities, and establish in lieu thereof such court, or courts, or system of courts, as the General Assembly may deem necessary, to provide for the jurisdiction of such courts, and for rules of procedure therein, and for the correction of errors in and by such courts, by the superior, or Supreme Court, or Court of Appeals, it will be seen that the right of certiorari conferred on the superior courts was not taken from them by this act, which was subsequently ratified by the people on October 2, 1912.

Nor did the act of 1913 (Acts 1913, pp. 145-177), establishing the municipal court of Atlanta in lieu of justice courts in that city, take away the power of superior courts to hear and determine cases brought to these courts by writ of certiorari. Parties desiring to correct errors in the municipal court of Atlanta, in addition to the remedies conferred by the act of 1913, supra, still have the right of certiorari to the superior court. This question, therefore, must be answered in the affirmative.

2. "Where issues of fact are involved in the trial of a case

in the municipal court of Atlanta, and the court passes upon them without the intervention of a jury, can the right to certiorari be exercised without moving for a new trial in that court, or can it only be used as a means of reviewing the judgment of the trial judge in refusing a motion for a new trial, or the judgment of the appellate division of that court in denying such a motion, either where the amount involved exceeds $50, or where the amount involved is less than $50? See *Young* v. *Broyles,* 16 *Ga. App.* 356 (85 S. E. 366); *Atlantic Coast Line Railroad Co.* v. *Lane & Autry,* 9 *Ga. App.* 524 (71 S. E. 918); *Central of Georgia Railway Co.* v. *Willingham,* 8 *Ga. App.* 817, 819 (70 S. E. 199); *Schultes* v. *Campos,* 5 *Ga. App.* 277 (63 S. E. 23); *Macon, Dublin & Savannah Railroad Co.* v. *Wright,* 122 *Ga.* 654 (50 S. E. 466); *Toole* v. *Edmondson,* 104 *Ga.* 776, 784 (31 S. E. 25); *Western & Atlantic Railroad* v. *Dyar,* 70 *Ga.* 723." For the reasons given in answering question 1, this question must also be answered in the affirmative. Neither in the constitution nor in the amendment thereto, nor in the act of 1913, supra, is there any limitation on the right of certiorari as it existed prior to the constitutional amendment of October 2, 1912.

3. "After the expiration of 30 days from the judgment of the trial judge in the municipal court of Atlanta, rendered without the intervention of a jury, where issues of fact are involved, or where only issues of law are involved, can the judgment of the appellate division of that court, approving or reversing the judgment or rulings of such trial judge, be reviewed by certiorari applied for within 30 days from the rendition of the last-mentioned judgment by the appellate division, or is such judgment subject to review only by bill of exceptions to the Court of Appeals of Georgia?" This question is answered in the affirmative. The judgment of the appellate division of the municipal court of Atlanta can be reviewed by certiorari applied for within thirty days from the rendition of such judgment.

4. "Is article 6, section 4, paragraph 5, of the constitution (Civil Code, § 6514), allowing the correction of errors in inferior judicatories by writ of certiorari, abrogated or repealed pro tanto by the amendment to the constitution, ratified October 2, 1912 (Acts of 1912, pp. 30, 33), relating to the abolition of justices' courts in certain cities, and the establishment by legislative enact-

ment of other courts in lieu thereof; and is such repeal effected by the provision contained in that amendment to the constitution, empowering the legislature to provide rules and procedure in such courts as to new trials, and as to the correction of errors in and by such courts, and the subsequent enactment by the legislature of the law establishing the municipal court of Atlanta (Acts of 1913, p. 145 et seq.), with the provisions for the correction of errors in the municipal court by the appellate division of that court, and by direct bill of exceptions to the Court of Appeals of Georgia, and by failure of the act to provide for the correction of errors from the municipal court by certiorari to the superior court?

"(a)   Is the method of review in the municipal court of Atlanta, provided by the act of 1913, supra, the exclusive method; and did the adoption of the amendment to the constitution, supra, repeal all provisions of the constitution in conflict therewith, and thus exclude the exercise of the right of certiorari to the superior court, as a means of reviewing the judgments of a trial judge in the municipal court in rendering judgment without the intervention of a jury, or in refusing a parol motion for a new trial made before him, either for the purpose of setting aside the judgment rendered by him without the intervention of a jury, or to set aside the verdict of a jury in a trial over which he presided, or for the purpose of reviewing the judgment of the appellate division of that court in refusing to grant a new trial on appeal to such division?   See *McWilliams* v. *Smith*, 142 *Ga.* 209 (82 S. E. 569), and *Young* v. *Broyles*, supra."

For the reasons already given in the preceding divisions of this opinion, this question must be answered in the negative.  There is nothing in the amendment to the constitution, ratified Oct. 2, 1912 (Acts 1912, p. 30), which abrogates the right of certiorari. Nor is there such necessary conflict between the constitution conferring the right of certiorari, and the amendment to the constitution so ratified, as to abrogate and repeal the right of certiorari. Question (a) must also be answered in the negative.  The method of review in the municipal court of Atlanta, provided by the act of 1913 (supra), did not exclude the right of certiorari.  The case of *McWilliams* v. *Smith*, supra, merely decided the constitutionality of the act so far as conferring the right to carry cases to the Court of Appeals.

5. "Is the following provision of the act of 1913 (Acts 1913, pp. 145 to 177, inclusive) constitutional: 'Should the judge decline to grant said motion for a new trial, he shall pass an order to that effect, and an appeal shall lie therefrom to the appellate division of said court upon any ground of new trial which would be a ground for new trial in the superior courts, except upon the ground: (1) that the verdict found or the judgment rendered is contrary to the evidence and the principles of equity; and (2) that said verdict or judgment is decidedly and strongly against the weight of the evidence, which excepted grounds for new trial shall not be otherwise urged than in an oral motion made at the time of the finding of the verdict or the rendition of a judgment by the court, as hereinbefore provided, and as to which excepted grounds the order denying such motion for new trial shall be conclusive, and such grounds shall not be urged upon appeal from such order, nor by writ of error?'

"(a) If this act is good and valid, can the finding of the trial judge on the facts or the verdict of a jury thereon be reviewed by certiorari, or will such finding or verdict be conclusive as to the facts in issue?

"(b) Is the plaintiff in error or the petitioner in certiorari (if the right of certiorari from the municipal court was not destroyed by the amendment under which it was established) prevented by the provisions of the said act from urging in his petition for certiorari or his bill of exceptions, as a ground for a reversal of the judgment of the lower court or the setting aside of a verdict therein, the fact that such verdict or judgment was contrary to law because not supported by the evidence?

"(c) Does subdivision (b) of section 42 of the said act (Acts of 1913, p. 168) lawfully deny an appeal to the appellate division of the municipal court upon the ground that the verdict or judgment rendered was contrary to evidence and the principles of equity, or that the verdict and judgment was decidedly and strongly against the weight of the evidence, or deny to a petitioner in certiorari or a plaintiff in error seeking a review in the Court of Appeals the right to urge the sufficiency of the evidence as a ground for reversal?"

The first part of question five can not be answered, because no provision of the constitution is specified with respect to which the

constitutionality of that portion of the act set forth in the question is challenged. (*a*) We think the finding of the trial judge on the facts or the verdict of a jury thereon can be reviewed by certiorari. (*b*) If the plaintiff in certiorari sues out the writ to the decision made by the trial judge, he can have the question as to whether the finding is contrary to evidence and contrary to law passed upon; but if, instead of suing out the writ of certiorari then, he takes an appeal to the appellate division, inasmuch as the act eliminates these two general questions on such appeal, he can not have them reviewed by certiorari taken from a decision made by such division. (*c*) Subdivision (b) of section 42 of the act of 1913 (Acts 1913, p. 168) does deny to a petitioner in certiorari, or a plaintiff in error seeking a review in the Court of Appeals, the right to urge the sufficiency of the evidence as a ground of reversal. We do not understand from the words "lawfully deny" that the constitutionality of the act is brought in question.

6. "Did the judge of the superior court properly refuse to sanction the application for the writ of certiorari in this case, for the reasons stated by him or for any other reason?" Under the ruling in the case of *Lynch* v. *Southern Express Co.,* ante, 68 (90 S. E. 527), this court will not answer the sixth question.

*All the Justices concur.*