6252.  JOHNSTON v. BRENAU COLLEGE-CONSERVATORY.

WADE, C. J. 1.  To a question propounded to the Supreme Court in this case, presenting for determination the precise issue involved therein with reference to the right to review findings of a judge of the municipal court of Atlanta, or of the appellate division of that court, the Supreme Court replied as follows "If the plaintiff in certiorari sues out the writ to the decision made by the trial judge, he can have the question as to whether the finding is contrary to evidence and contrary to law passed upon; but if, instead of suing out the writ of certiorari then, he takes an appeal to the appellate division, inasmuch as the act eliminates these two general questions on such appeal, he can not have them reviewd by certiorari taken from a decision made by such division." 146 *Ga.* 182, 187 (91 S. E. 85).

(a) In this case judgment was rendered without the intervention of a jury, on October 15, 1914.  An appeal was thereupon taken to the appellate division of the municipal court, and on November 5, 1914, was heard by that division.  The petitioner in certiorari (the defendant in the court below) applied to a judge of the superior court for the writ of certiorari on November 30, 1914,—more than 30 days after the judgment on the facts.  The errors assigned in the petition for certiorari depended upon a consideration of the evidence adduced at the original trial before the judge of the municipal court.

2. Under the answers of the Supreme Court to the various questions certified in this case, and especially under the ruling of that court above quoted, and in the state of the record, the judge of the superior court did not err in declining to sanction the certiorari, *regardless of the reason assigned for the refusal.     Judgment affirmed.  Hodges, J., absent.*
DECIDED DECEMBER 8, 1916.  REHEARING DENIED DECEMBER 19, 1916.

Petition for certiorari; from Fulton superior court—Judge Pendleton.  November 30, 1914.

*M. Herzberg, D. K. Johnston,* for plaintiff in error.

*W. I. Hobbs, J. G. Collins,* contra.