## 10739.   LOUISVILLE & NASHVILLE RAILROAD CO. *v.* LOVELACE.

1. The right of certiorari is a constitutional right and the writ lies to correct errors in any inferior judicatory, including the municipal court of Atlanta. While a writ of certiorari lies to a final judgment entered upon a verdict rendered in the municipal court of Atlanta, without any motion for new trial having been made, it does not follow that when the losing party avails himself of his statutory right to an oral

motion for a new trial to set aside such judgment he forfeits his constitutional right to except by certiorari to the original judgment. After an oral motion for a new trial in the municipal court of Atlanta has been finally disposed of, either by having been overruled or dismissed, the jurisdiction which that court had over the case thereby ceases and the original judgment stands as final. Where a motion for new trial is made in the municipal court of Atlanta and overruled, certiorari afterwards lies to the original judgment rendered therein if presented within thirty days from the rendition of the judgment, and in the petition for certiorari it is not necessary to except to the action of the trial judge in overruling the motion for new trial.

2. If certiorari does not lie to correct a judgment upon the ground that it is contrary to the evidence and the principles of equity and justice, or that it is decidedly and strongly against the weight of the evidence, a petition for certiorari will not be dismissed on such ground when, in addition to such ground, it presents for determination a question of law.

3. The plaintiff in certiorari, in attempting to fully and plainly set forth what transpired upon the trial, is not required to make a brief of the evidence adduced upon the trial, but may incorporate in his petition a stenographic transcript of the testimony, set forth in questions and answers. It is error to dismiss such a petition upon the ground that no effort was made on the part of plaintiff in certiorari to make a brief of the evidence. See, in this connection, ·*Meacham* v. *State,* 7 *Ga. App.* 713 (68 S. E. 52).

4. The Civil Code, § 5185, provides: "Before any writ of certiorari shall issue, . . the party applying for the same . . shall give bond and good security, conditioned to pay the .adverse party in the cause the eventual condemnation money, together with all future costs." A bond, attached to a petition for certiorari, which recites the case by name and designates it as "in the municipal court of Atlanta," and obligates the plaintiff in certiorari and his security for the "eventual condemnation money and all future costs in *said case*" (italics ours), is not void upon the ground that it is conditioned only to pay the future costs in the municipal court of Atlanta, and not all future costs. The phrase "in said case" will not be construed as applying only to the case as pending in the municipal court of Atlanta, but will be construed as referring to the case by name, irrespective of the court in which it is pending.

5. The court erred in dismissing the petition for certiorari, upon motion filed by the defendant in certiorari.

DECIDED DECEMBER 16, 1919.

Certiorari; from Fulton superior court—Judge Pendleton. May 30, 1919.

T. A. Lovelace sued the Louisville & Nashville Railroad Company in the municipal court of Atlanta, and obtained a judgment

on March 4, 1919. The defendant, under the rules in that court, made his oral motion for new trial, which came on for a hearing on March 7, 1919, when it was overruled. The defendant, within 30 days from the rendition of the original judgment, presented to the judge of the superior court of Fulton county, and had sanctioned, a petition for certiorari, in which he did not except to the ruling of the trial judge in overruling the motion for new trial, but excepted to the original judgment and assigned error thereon. Upon the call of the case in the superior court the defendant in certiorari moved to dismiss the petition, upon the following grounds: (1) The plaintiff in certiorari made in the municipal court of Atlanta an oral motion for new trial, which was overruled, and, instead of excepting to the order overruling that motion, excepted to the original judgment, and, although the petition for certiorari was sanctioned within 30 days from the rendition of the original judgment, yet in view of the passage of the judgment overruling the motion for new trial, the original judgment excepted to was not a final judgment, but the final judgment in the case was the judgment overruling the oral motion for new trial, and the petition for certiorari does not except to a final judgment. (2) The petition for certiorari excepts to the verdict and judgment as being contrary to the evidence and the principles of equity and justice, and decidedly and strongly against the weight of the evidence, and this alleged error cannot be reached by certiorari. (In regard to this ground, an inspection of the record will show that in addition to these assignments, the petition for certiorari contains other valid assignments of error raising only questions of law.) (3) The evidence contained in the petition for certiorari consists of a copy of stenographic notes arranged in questions and answers, and no bona fide effort has been made to brief the evidence. (4) The certiorari bond was not conditioned to pay all the future costs in the case, but only the future costs in the municipal court. This motion was sustained by the trial judge, who, without reference to any particular ground, passed an order generally dismissing the petition for certiorari. To this order the plaintiff in certiorari excepted.

*Tye, Peeples & Tye,* for plaintiff in error.

*McCallum & Sims,* contra.

STEPHENS, J. (After stating the foregoing facts.) The right to sue out a certiorari is a constitutional right and the writ lies

to correct errors in any inferior judicatory. It lies to any final judgment entered in the municipal court of Atlanta. *Johnston* v. *Brenau College-Conservatory,* 146 *Ga.* 182 (91 S. E. 85) ; *Young* v. *Broyles,* 16 *Ga. App.* 356 (85 S. E. 366). Whether certiorari lies to the original judgment entered upon a verdict in that court after an unsuccessful effort has been made to have the judgment reviewed by that court is the question for our determination.

The finality of a judgment or order is not determined by the time within which it is rendered, but by its effect in ending the litigation. The fact that a motion for new trial has been made, seeking to set aside a verdict and judgment which in themselves are final, does not operate to destroy the finality of the verdict and judgment thereon, although the action of the trial judge upon the motion for new trial, such as dismissing it, or overruling it, is itself final as ending the litigation. In this sense, there may be two final judgments in the same case, either one of which operates to end the litigation. It is clear that a verdict and judgment rendered in the municipal court of Atlanta is a final judgment and may be excepted to on certiorari without a motion for new trial. It is also clear that an order disposing of a motion for new trial in the municipal court of Atlanta may be a judgment and may be excepted to on certiorari without appealing to the appellate division of that court. It is also clear that a judgment of the appellate division of the municipal court of Atlanta may be a final judgment and may be excepted to on certiorari. There can, therefore, be three final judgments in a case in the municipal court of Atlanta. It is clearly established that the last final judgment in point of time may be excepted to on certiorari. While certiorari lies to any one of such final judgments, if applied for within the statutory period after the rendition of the final judgment complained of and before the losing party has sought to obtain any further relief in the municipal court, it would be a bare assertion to hold that, where the losing party in the first instance in a case tried in that court avails himself of the remedy by oral motion for new trial therein, and the motion is overruled, thus affirming the original judgment, he cannot by petition for certiorari, tendered in time, except to the original verdict and judgment, and that his sole remedy would be to except to the judgment overruling the motion for new trial.

When the original judgment in the trial court stands final in

that it is not jeopardized by any subsequent proceedings in that court, whether such proceedings had been abandoned or finally party cannot except to the original judgment on certiorari if tendered in time.  It has been held that when a motion for new determined, and the original judgment stands final to operate as an end of the litigation, there is no valid reason why the losing trial in a city court has been terminated by a dismissal of such motion, or has been abandoned by the movant, and the original verdict and judgment are thus left standing as final, and there are no proceedings pending to jeopardize it in the city court, certiorari would lie to such original verdict and judgment if tendered within the statutory period. *Moody* v. *State,* 14 *Ga. App.* 523 (81 S. E. 588) ; *Archie* v. *State,* 99 *Ga.* 23 (25 S. E. 612). In the case of *Roach* v. *Sulter,* 54 *Ga.* 458, where a bill of exceptions to the original verdict and judgment obtained in the city court of Savannah was dismissed in the Supreme Court, thus leaving the original verdict and judgment standing as final and operating to end the litigation in the city court, it was held that a certiorari afterwards tendered would lie to such verdict and judgment if tendered within the time allowed by law.  These three cases went upon the theory that a writ of certiorari would lie to the original verdict and judgment after other remedies to correct the errors had been pursued and finally disposed of in such a manner as to leave the original verdict and judgment standing as final and as ending the litigation.  We can see no difference in this respect between a dismissal of such proceedings and a determination of the same upon the merits.  Both terminate the proceedings and render the original judgment final.  The ratio decidendi of these cases is that the original judgment is subject to be reviewed on certiorari after a final *determination,* rather than a *dismissal* of the motion for new trial or of the writ of error in the Supreme Court.  The salient fact is that the action upon the motion for new trial, or whatever the proceeding may be, has terminated in such a manner, whether by dismissal or by an adverse ruling upon the merits, as to finally determine and dispose of any pending proceedings to correct the original judgment and to allow the original verdict and judgment to stand as a final ending of the litigation.

We can therefore see no reason why, after an oral motion for

new trial has been made in the municipal court of Atlanta and overruled, thus finally ending the litigation and establishing the original verdict and judgment as a final determination of the case, certiorari will not lie exclusively and directly, if presented in time, to the original verdict and judgment.

*Judgment reversed.* · *Jenkins, P. J., and Smith, J., concur.*