OWENS *v.* WATKINS, judge.

312

No. 12999.   Decided November 20, 1939.

*John H. Payne,* for plaintiff.   *J. Van Wilhite,* for defendant.

Reid, Chief Justice.   A question of the right to the custody of a four-year-old child arose in an action for divorce pending in Fulton superior court, and this question was referred to the juvenile court for determination, as authorized by the Code, § 24-2402 (d). A judgment was rendered awarding the child to the father and the mother thereupon served the judge of the juvenile court with notice of her intention to certiorari the case to the superior court and simultaneously filed with him a pauper affidavit.   Thereafter, and before the child was actually taken from her custody under the judgment, she served him with a petition for certiorari which had been duly sanctioned as required by law.   Notwithstanding her protest to the judge of the juvenile court that the judgment had been superseded, and that he had no further jurisdiction of the case, he caused the child to be taken from her custody and delivered to the father.   A petition in the superior court for mandamus against the judge followed, wherein it was sought to require him to restore the child to the plaintiff pending the disposition of the certiorari.   This petition was dismissed on demurrer, and the plaintiff excepted.

■   It was alleged in the petition for mandamus, and it is contended in the argument here, that the judgment of the juvenile court was superseded, and that the judge of said court had no power to cause it to be carried out, either by virtue of the timely service upon him of the notice of intention to apply for a writ of certiorari and the filing of a pauper affidavit as provided for in the act of 1902 (Ga. L. 1902, p. 105), or by the service upon him of the writ of certiorari duly sanctioned, under the Code, § 19-213.   The act of 1902 has reference by its express terms to judgments "of a recorder's court or other police court of any town or city, by whatever name known," and the judgment in this, a case involving the right to the custody of a minor child, rendered in a juvenile court, was not superseded by the giving of notice of certiorari and filing of a

pauper affidavit, under that act. The provision of the Code, § 19-213, that in all civil cases a writ of certiorari shall operate as a supersedeas, was made inapplicable to a case of the present character, by the passage of the act of 1935 (Ga. L. 1935, pp. 399, 403). It was therein provided as follows: "The writ of certiorari to the superior courts shall be to all final judgments of the juvenile courts as now lie from justice or other inferior courts, but no direct writ of error shall lie to either of the appellate courts; provided, that no such judgment or order shall be superseded except in the discretion of the judge, but the judgment or order of court shall stand until reversed or modified by the reviewing court; provided further, that the pendency of a certiorari shall not preclude or prevent the juvenile court during the pendency of said certiorari, at a subsequent hearing for cause shown, to modify any judgment or order made, although the effect of such modification may be to suspend the certiorari." The same may be said of the act of 1902, even if it were otherwise applicable in such cases.

■ There is no merit in the attack on the above provision of the act relating to a supersedeas, as being unconstitutional in that it violated that provision of the constitution of this State that the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari, which shall only issue on the sanction of the judge." Code, § 2-3205. To deprive the writ of certiorari of its operation as a supersedeas upon the judgment under review, as was true at common law and under the Code, § 19-213 (*Dixon* v. *Sable,* 147 *Ga.* 623, 95 S. E. 240; 3 Am. Jur. 195 § 537), as to judgments rendered in the juvenile courts, and vesting in the juvenile court judge discretion to grant a supersedeas in such cases, does not impair the power of the superior court to grant the writ of certiorari, and thus "correct errors in inferior judicatories." A writ of certiorari will in fact lie to his action in refusing a supersedeas, upon the ground that he abused his discretion. While the constitution vests in the superior courts of this State the power to grant the writ of certiorari to "correct errors in inferior judicatories," and the legislature has no power to abolish the same (*Hayden* v. *State,* 69 *Ga.* 731; *Maxwell* v. *Tumlin,* 79 *Ga.* 570, 4 S. E. 858; *Archie* v. *State,* 99 *Ga.* 23, 25 S. E. 612; *Moore* v. *Winder,* 10 *Ga. App.* 384, 73 S. E. 529; *Young* v. *Broyles,* 16 *Ga. App.* 356, 85 S. E. 366; *City Investment Co.* v. *Crawley,* 187 *Ga.*

48, 199 S. E. 747; *McElhannon* v. *State*, 112 *Ga*. 221, 37 S. E. 402; *Livingston* v. *Livingston*, 24 *Ga*. 379; *Davis* v. *Rogers*, 23 *Ga*. 360), the constitution makes no mention in this connection of a supersedeas; and in this and in other matters concerning practice and procedure under the writ, the lawmaking body is at liberty to legislate so long as the writ itself is not impaired. See Bryant *v.* State, 71 Ill. 32.

It is insisted that the above act is unconstitutional, because it vests in the juvenile court judge the power of suspending the writ by changing his judgment. The plaintiff is not in a position to raise this question, since it does not appear that the juvenile court has assumed to exercise any such power in this case. The conduct complained of is the carrying out by the judge of the juvenile court of his judgment as against the contention that it had been superseded; not that he has suspended the certiorari by changing his judgment. The court did not err in dismissing the petition for mandamus. *Judgment affirmed. All the Justices concur.*