## MSEY *vs.* THE STATE OF GEORGIA.

1. Where a defendant was charged with larceny from the house, in having entered a cotton house and stolen peas therefrom, proof that the house had no entrance except through a door, the shutter of which was not hung, but propped up with a pole ; that on the morning of the discovery of the larceny, the door was down and the peas were missing, did not show a breaking and entering, so as to make the *allegata* and *probata* disagree. The testimony merely disclosed the ordinary manner in which the door was closed, without showing that it was thus closed at the time of the larceny, or so near thereto as to justify an inference that it so remained until that time.

2. For the same reason the evidence did not show that the offence was burglary, and exclude a conviction on a charge of larceny.

December 19, 1882.

CRAWFORD, Justice.

## STANTON *vs.* SPEER.

[SPEER, Justice, being disqualified, did not preside in this case.]

69b 771
106 443

A motion was made to dismiss this writ of error on the ground that the case was tried before three attorneys at law, and that the bill of exceptions undertakes to bring their judgment directly to this court for review :

*Held*, that there is no law of this state which authorizes a writ of error from such a tribunal to this court. The fact that it was agreed by the parties to try the cause, and that the right to except was reserved, can make no difference. Such agreement cannot give jurisdiction to this court.

November 7, 1882.

JACKSON, Chief Justice.

## DeVAUGHN *vs.* ARMSTRONG, administrator.

1. The verdict is not contrary to law or evidence.

2. The grounds of a motion for new trial must be verified by the presiding judge. Where this is not done, only the formal grounds that the verdict is contrary to law and evidence, will be considered by this court. 46 *Ga.,* 161.

October 10, 1882.

CRAWFORD, Justice.