COX *v.* MOORE.

HILL, J.   1. A ground of a motion for new trial which assigns error because the court excluded certain testimony of a witness will not be considered where the movant has failed to show that the court was advised as to what the answer of the witness would be.   *Story* v. *Brown,* 98 *Ga.* 570 (25 S. E. 582) ; *Freeman & Turner News Co.* v. *Mencken,* 115 *Ga.* 1017 (42 S. E. 369).

2. On the trial of an issue formed by a caveat to the return of partitioners of land a witness testified that in his judgment the division of the land made by the appraisers, or partitioners appointed by the court to divide the land, "was not a fair and equitable division."   On cross-examination it developed that the witness was one of the partitioners appointed by

the court to partition the lands, that he took the oath as a partitioner, and that the return so attacked by him as unequal and inequitable was signed by him as one of the partitioners. Whereupon the plaintiff moved to rule out all the evidence given by the witness as to the unfair and inequitable division of the lands, upon the ground that the witness would be estopped to deny the correctness or justice of the division as shown by the return of the partitioners. The court overruled the motion, and allowed the testimony to be considered by the jury. *Held*, that this ruling was not error for the reason assigned. A case of this kind does not stand upon the same footing as that of a juror, who will not be allowed to impeach his own verdict. Whether the testimony was objectionable on other grounds not urged is not decided.

3. It was not error, under the issues involved in this case and the facts, to instruct the jury: "While it is true that generally a grantee in a deed is bound by the recitals therein, it is not true that a person can be bound by the mere making of a deed to him. In order to bind a person by making a deed to him, it is necessary to show that the grantee actually claims an interest under the deed," the person named as grantee in the deed in question having denied ever accepting the deed in question.

4. The value of an estate at the time of the first distribution is the proper criterion for arriving at the rights of the heirs at law.

(*a*) This is true although one of the heirs at law may have received an advancement which he is required to account for in the division.

(*b*) An heir at law, before he can claim any part of an estate as distributee, must account for advancements made to him at their value at the time of the advancement. Civil Code (1910), § 4056; *Sims* v. *Sims*, 39 *Ga.* 109 (99 Am. D. 450).

(*c*) The presiding judge charged on an erroneous theory, instructing the jury, in effect, that the value of both the advancements and the remainder of the estate of the decedent should be estimated as of the time the advancement was made.

5. Where a decedent died intestate leaving a widow and two children, to one of whom he had previously made an advancement, the fact that the widow may have conveyed her one-third interest in the estate to the two children did not abrogate the rules above laid down as to the time for estimating the value of the general estate and of the advancement in the partitioning of the estate between the two children.

(*a*) If the deed from the mother to the two children, purporting to be a warranty deed upon a consideration, was delivered and accepted by them, or if it was accepted by one and not by the other, whatever effect the latter situation might have, it did not prevent the partitioning of the estate as a whole. Accordingly, it was error to charge that "if you find that the mother's interest in the estate was conveyed by deed to her son and daughter, then the land could not be apportioned by appraisers, but is entirely fixed by deed."

6. Grounds of a motion for a new trial which are not approved by the trial judge can not be considered.

*Judgment reversed. All the Justices concur.*

SEPTEMBER 23, 1914.

Partition. Before Judge Frank Park. Liberty superior court. July 28, 1913.

*Way & Burkhalter,* for plaintiff in error.

*Travis & Travis,* contra.