### 11114.   GREEN v. PATTERSON.

"A petition for certiorari which contains no assignment of error with which the court can deal is an absolute nullity. It is so much waste paper, and the court has no authority to decide any question which is sought to be raised therein, and can only strike the petition from its files."

DECIDED JUNE 15, 1920.

Certiorari; from Fulton superior court — Judge Pendleton.   October 30, 1919.

On June 5, 1918, in a case tried before Judge L. Z. Rosser, one of the judges of the municipal court of Atlanta, judgment was rendered for the plaintiff. An oral motion for a new trial was overruled, and a petition for certiorari was presented, in which it was alleged that "the court did, on June 5, 1918, render judgment in favor of the plaintiff and against this defendant for the sum of $160.00 principal, $33.60 interest to date, but no judgment for costs was rendered.' Upon the rendition of said judgment counsel made an oral motion for new trial, and the same was on said date, to wit June 5, 1918, overruled by the court. The judgment of the court is a final judgment, and your petitioner is dissatisfied therewith, and now, within thirty days from the final determination of said cause, petitioner having complied with all the law in such cases, presents this his petition for certiorari, in which petition he here and now sets forth fully and distinctly the

nature of the cause, what occurred on the trial, and the errors complained of." The petition was sanctioned, the writ of certiorari issued, and an answer was filed. On the hearing of the case a motion was made to dismiss the petition and quash the writ on three grounds, to wit: "1. Because the petition for said writ of certiorari complains of and is to the judgment of the court rendered at the trial of said case, which was not the final adjudication of said case, the said S. E. Green having made his motion for new trial to said judgment, which was duly prosecuted by the said S. E. Green, and at the hearing thereof was overruled, which was the final adjudication of said case in the municipal court of Atlanta, F. S. 2. Because said petition for certiorari does not complain of the overruling of his said motion for new trial, made in said case by the said S. E. Green, and no error is assigned to the overruling of said motion for new trial, which was the final adjudication of said case in the municipal court of Atlanta, Fulton Section. 3. Said petition fails to set forth the ground or grounds upon which said motion for new trial was based, and therefore the court cannot adjudicate the question of whether or not the trial in the municipal court of Atlanta, F. S., erred in overruling said motion for new trial, and therefore said petition for said writ of certiorari is insufficient in law, in that same does not set forth plainly, fully, and distinctly the errors complained of, as required by law, and therefore said writ of certiorari is void and should be quashed." The judge of the superior court passed the following order: "The within motion coming on to be heard, after argument of counsel for defendant and plaintiff in certiorari it is ordered and adjudged that the within and foregoing motion made by defendant in certiorari be and the same is hereby sustained, because said writ of certiorari is not taken from the final adjudication of the case in the municipal court of Atlanta, Ga. It is ordered and adjudged that the order granting the writ of certiorari in this case be set aside, and the same is hereby set aside, and that the writ of certiorari herein issued be and the same is hereby quashed." To this order exceptions were taken.

*George Campbell, Neufville & Neufville,* for plaintiff in error.
*Albert Kemper,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

An examination of the assignment of error in the petition for

certiorari, which is copied in the foregoing statement of facts. will show that it is not clear whether movant sought to except to the original judgment awarding $160.00 principal and $33.60 interest. or to the order overruling his oral motion for new trial. However, plaintiff in error cannot complain if this court resolves the uncertainty in favor of his contention as set out in the bill of exceptions as follows: "That the certiorari shows on its face that it was taken from the final judgment, to wit the judgment denying the motion for new trial." So construing it, this court must hold that the judgment on the hearing of the certiorari be affirmed, because the grounds upon which the oral motion for a new trial was made are not stated in the petition for certiorari, and the errors complained of are not "plainly and distinctly set forth" as required by law. Civil Code (1910), § 5183. The third ground of the motion to dismiss the petition goes directly to this point. Without knowing what the grounds of the motion for new trial were, this court cannot say that the trial judge erred in overruling them. The Supreme Court said in *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 518 (46 S. E. 638): "The question, therefore, to be determined is whether a petition for certiorari which contains no assignment of error, or, what is the same thing, no proper assignment of error, is absolutely void. The statute relating to bills of exceptions in the Supreme Court provides that the 'bill of exceptions shall specify plainly the decisions complained of, and the alleged error.' Civil Code § 5527 [Civil Code of 1910, § 6139]. It has been held that a bill of exceptions which contains no assignment of error or an insufficient assignment of error presents nothing for decision by the Supreme Court, and must be dismissed. *Sewell* v. *Conkle,* 64 *Ga.* 436; *Smith* v. *Frost,* 74 *Ga.* 824; *Williams* v. *Railroad Company,* 98 *Ga.* 392; *Dismukes* v. *Bainbridge State Bank,* 99 *Ga.* 179; *Wheeler* v. *Worley,* 110 *Ga.* 513; *Jackson* v. *Fitzpatrick,* 114 *Ga.* 364; *Neal Loan and Banking Co.* v. *Wright,* 116 *Ga.* 395. The certiorari statute provides that the petition 'shall plainly and distinctly set forth the errors complained of.' Civil Code § 4637 [Civil Code of 1910, § 5183]. The requirement of this statute is very similar to that for bills of exceptions, and the principle of the decisions above cited would apply to petitions for certiorari. A petition for certiorari which contains no assignment of error with which the court can deal is an absolute

nullity. It is so much waste paper, and the court has no authority to decide any question which is sought to be raised therein, and can only strike the petition from its files."

Under the above rulings the conclusion reached by the judge of the superior court in this case was correct and must be adhered to, notwithstanding the fact that the judge gave a reason for his decision different from that upon which this opinion is based. "A judgment that is right remains right, notwithstanding that the court rendering the judgment may assign a wrong reason for it." *Doe* v. *Roe,* 20 *Ga.* 689 (3) (65 Am. Dec. 639). See also *Wynn* v. *Wynn,* 68 *Ga.* 820 (2).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*