### 11580.  LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* LOVELACE.

JENKINS, P. J. 1. In a former decision in this case (24 *Ga. App.* 616, 617, 101 S. E. 718) it was held, and became the " law of the case," that " after an oral motion for a new trial in the municipal court of Atlanta has been finally disposed of, either by having been overruled or dismissed, the jurisdiction which that court had over the case thereby ceases and the original judgment stands as final;" and that where in that court a motion for new trial is made and overruled, " certiorari afterwards lies to the original judgment rendered therein, if presented within thirty days from the rendition of the judgment," in order to correct errors of law. See also: *Johnson* v. *Brenau College,* 146 *Ga.* 182 (91 S. E. 85); *Johnson* v. *James,* 19 *Ga. App.* 118 (91 S. E. 220); *Young* v. *Broyles,* 16 *Ga. App.* 356 (85 S. E. 366).

2. While a petition for certiorari to review a judgment overruling an oral motion for a new trial in the municipal court of Atlanta must state the grounds of the motion, and contain plain and distinct assignments of error upon each ruling complained of, — so that a general assignment of error upon the ground that the judgment overruling the motion for

new trial was "contrary to law, the principles of equity and justice," without stating what grounds of error were urged in such motion, will not suffice (*Green* v. *Patterson*, 25 *Ga. App.* 374, 103 S. E. 437; *Holcomb* v. *Finch*, 25 *Ga. App.* 261, 103 S. E. 38; *Citizens Banking Co* v. *Paris*, 119 *Ga.* 517, 46 S. E. 638; Civil Code of 1910, § 5183), yet where the petition for certiorari complains only of the original verdict and judgment, it is unnecessary to point out the grounds of the motion or to except to the action of the trial judge in overruling the same. *Louisville & Nashville R. Co.* v. *Lovelace*, supra. However, where the original judgment is alleged to be erroneous in itself, the petition for certiorari therefrom must specifically set forth the errors of law complained of, except in a case where the final judgment is alleged to be erroneous only because of some erroneous antecedent ruling or decision, when a general exception to the judgment itself will be sufficient, provided specific assignments of error are made and preserved to such antecedent rulings. *Lyndon* v. *Ga. Ry. & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047). The petition for certiorari in the instant case complies with these rules of practice.

3. Even if testimony as to a certain fact be inadmissible under the application of the strict rules of evidence, its admission is not ordinarily a ground for setting aside the final judgment, if such fact be shown by other legal evidence to which no objection was made. *Matthews* v. *Richards*, 19 *Ga. App.* 489 (2) (91 S. E. 914); *Southern Ry. Co.* v. *Ward*, 131 *Ga.* 21 (4) (61 S. E. 913); *County of Butts* v. *Hixon*, 135 *Ga.* 26, 27 (2) (68 S. E. 786); *Copeland* v. *Ruff*, 20 *Ga. App.* 217 (1) (92 S. E. 955).

4. Where a suit is not for deterioration, or depreciation in the market value, of a shipment of goods, but for the total loss or destruction of the whole shipment, or of a specific, definitely ascertained part thereof (as of so many bushels of potatoes alleged to be wholly decayed and worthless), the measure of damages for unreasonable delay in transportation, defined by the Civil Code (1910), § 2773, as "the difference between the market value at the time and place they should have been delivered and the time of actual delivery," is not strictly applicable; and in such a case the measure of damages is equivalent to what the rule would be where the property is not delivered or is lost in transit — that is, the full market value of the goods at destination at the time when they should have been delivered, with interest from that time, deducting (if unpaid) the cost of transportation. *Albany & Northern Ry. Co.* v. *Merchants Bank*, 137 *Ga.* 391 (5) (73 S. E. 637); *Atlantic & Birmingham Ry. Co.* v. *Howard Supply Co.*, 125 *Ga.* 478 (2) (54 S. E. 530); *South ern Express Co.* v. *Briggs*, 1 *Ga. App.* 294 (4) (57 S. E. 1066).

5. While a charge, "If you find for the plaintiff, he would be entitled to recover of the defendant the reasonable value of the potatoes in Atlanta, Ga., if they had been delivered to the plaintiff in a marketable condition in a reasonable time after delivery to the carrier," might be subject to some criticism as not precisely stating the measure of damages in the case on trial (although the terms "reasonable value" and "market value" by some authorities have been held equivalent — 2 Bouvier's Law Dictionary, 2097; 5 Words and Phrases, 4382-4387), yet if such charge

was error, it was harmless to the defendant, there being no evidence of
any difference between the reasonable or actual value and the market
value, and there being ample evidence of value at the points both of
destination and shipment, in excess of the amount recovered.  *Rome R.
Co.* v. *Sloan,* 39 *Ga.* 636(4); *Ga., Fla. & Ala. Ry. Co.* v. *Blish Milling
Co.,* 15 *Ga. App.* 142(11)  (82 S. E. 784); *Atlantic Coast Line R. Co.* v.
*Goodwin,* 1 *Ga. App.* 351, 357 (57 S. E. 1070).

6. The question as to the value of an article being peculiarly for the jury
(*Georgia Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665, 666, 97 S. E.
94), and the jury having found for the plaintiff an amount smaller
than that which would have been warranted by some of the evidence,
the verdict and judgment will not be set aside as excessive, especially
where the excess claimed by counsel is only the difference between
$118.50 and $130.  *Ala. Great So. R. Co.* v. *McKenzie,* 139 *Ga.* 410
(2 b), 413 (77 S. E. 647, 45 L. R. A. (N. S.) 18); *Meeks* v. *Carter,* 5 *Ga.
App.* 421(3)  (63 S. E. 517).

7. The verdict was warranted by the evidence.  Even if the requests to
charge were in proper form under the ruling in *Western Union Tele
graph Co.* v. *Owens,* 23 *Ga. App.* 173 (98 S. E. 116), the requests, so
far as not fully covered by the instructions given, were inapplicable
to the facts as disclosed by the record.

*Judgment affirmed.  Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 15, 1921.

Certiorari; from Fulton superior court — Judge Bell.  April 3,
1920.

*Tye, Peeples & Tye,* for plaintiff in error.
*McCallum & Sims,* contra.