*T. J. Evans, M. C. Barwick, Phillips & Abbot,* contra.

---

## 14248.   FREEDMAN *et al. v.* BUSH.

1. The ground of the motion to dismiss the certiorari, that the petition for certiorari as verified by the answer failed to show a final judgment, or to show that application for the writ was made within the legal time thereafter, was properly overruled by the judge of the superior court, since the judgment sought to be reviewed and its date appear in exhibits attached to the petition, and the answer in terms states that "the exhibits attached to said petition for certiorari, together with the judgment thereon, are correct copies of the originals on file in this office."

2. The judge erred in overruling the ground that the answer to the certiorari failed to verify or show any ground of the motion for new trial, the overruling of which was complained of in the petition for certiorari.

DECIDED JUNE 25, 1923.

Certiorari; from Fulton superior court — Judge Bryan. November 10, 1922.

R. M. Bush, doing business as R. M. Bush Realty Company, filed in the municipal court of Atlanta a suit to recover a real-estate commission against M. Freedman and C. H. Freedman. The plaintiff amended his petition by adding a second count. During the trial the court sustained the defendants' oral general demurrer to this count, which was stricken. The judge, hearing the case without a jury, entered judgment for the defendants. The plaintiff made an oral motion for new trial, and the order overruling the motion is complained of in his petition for certiorari. At the hearing in the superior court the defendants moved to dismiss the certiorari, the main grounds of the motion being, (1) that the petition for certiorari as verified by the answer of the municipal-court judge fails to show a final judgment, or to show that application for the writ was made within the required legal time thereafter; and (2) that the references in the petition to the ground of the motion

for new trial are not verified by the answer of the respondent, and the petition therefore contains no valid assignment of error. The petition contains no assignment or ground that the rulings of the municipal court, either in the original judgment or on the motion for new trial, were contrary to law, contrary to the evidence, or without evidence to support the same, or contrary to the principles of equity and justice. As in effect conceded by counsel in the briefs, the motion for a new trial was based upon no general grounds, but the sole ground relied upon as the basis of the petition for certiorari was the alleged error in refusing a new trial because the court erred in sustaining the defendants' oral demurrer to the plaintiff's second count and in dismissing that count. There are allegations in the 8th paragraph and the next paragraph of the petition, setting this forth as the ground of the oral motion for new trial, but the answer of the municipal-court judge wholly fails to verify these averments, or to show what was the ground of the motion for a new trial. The superior court overruled the motion to dismiss, and sustained the certiorari and granted a new trial. Error is assigned on these rulings.

*Morris Macks, Harry W. Belfor,* for plaintiffs in error.

*Alvin L. Richards,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. While it is true that "assignments of error and recitals of fact in a petition for certiorari not affirmatively verified in the answer can not be considered" (*Shirling* v. *Kennon,* 119 *Ga.* 501 (2), 46 S. E. 630; *Moore* v. *Coleman,* 28 *Ga. App.* 427, 111 S. E. 579), and while "it is essential to the maintenance of the certiorari . . that the answer should show that there has been a final judgment or verdict rendered," still "this fact may properly appear either in the answer, in the form of a direct statement, or in any other way which will sufficiently verify it." *Ga. So. Ry. Co.* v. *Goodman,* 4 *Ga. App.* 631 (62 S. E. 97). Where, therefore, a petitioner in certiorari from the municipal court of Atlanta set forth in exhibits referred to and attached to his petition the judgment overruling his motion for new trial, with its date, besides the original judgment rendered in the case, and his application for the writ was duly made within the statutory period from the judgment on the motion for a new trial, although beyond the statutory period from the original judgment, the petition was not subject to dismissal as

being too late, upon the ground that the judgment on the motion for new trial and its date were not verified or shown in the answer of the municipal-court judge, where the answer stated that " the errors complained of and the exhibits attached to said petition for certiorari, together with the judgment thereon, are correct copies of the originals on file in this office." See also *Landrum* v. *Moss,* 1 *Ga. App.* 216 (57 S. E. 955); *Brown* v. *Atlanta,* 123 *Ga.* 497 (51 S. E. 507). This ground of the motion to dismiss was without merit.

2. The second ground of the motion to dismiss should have been sustained, not because of technical insufficiency in the form of the assignment of error, but because the assignment is not verified by the answer of the municipal-court judge. The question here involved is thus different from that in *Green* v. *Patterson,* 25 *Ga. App.* 374 (103 S. E. 437), and *Starnes* v. *Bacon,* 25 *Ga. App.* 360 (103 S. E. 39). While the 8th paragraph and the next paragraph of the petition allege that the ground of the motion for a new trial was that the court erred in sustaining the defendants' demurrer to the second count of the petition, the answer fails to verify these averments or to show what the ground actually was. Nor is the ground of the demurrer shown. The allegations being unverified, the superior court had before it no valid assignment of error which could properly be considered. There is no general assignment or exception to the overruling of the motion for a new trial, or to the original judgment against the plaintiff as being contrary to law because without ·evidence to support it, which — had this been done — might perhaps have analogized the case to those precedents where it has been held that the appellate court ·may consider the general grounds of a motion for new trial, although the trial judge has failed to approve or verify them. *De-Vaughn* v. *Armstrong,* 69 *Ga.* 771; *Ga. Land & Lumber Co.* v. *Humphries,* 66 *Ga.* 754; *Cox* v. *Moore,* 142 *Ga.* 487 (6) (83 S. E. 115). But see *Holcomb* v. *Finch,* 25 *Ga. App.* 261 (2) (103 S. E. 38), where it was held that such a general assignment of error in a certiorari will not suffice, where it does not appear " what grounds of error were urged in the oral motion for new trial." See also *L. & N. R. Co.* v. *Lovelace,* 26 *Ga. App.* 286 (106 S. E. 6). As stated, however, this question is not ·here involved, since it is in effect conceded that the petition contained no such general

assignment of error. Since the petition contained no general grounds or assignment of error, and the only ground or assignment made is invalid because unverified, the case does not fall within the ruling of this court in *Gresham* v. *Lee,* 28 *Ga. App.* 576 (112 S. E. 524), where it was held by a majority of this division that, where the court has jurisdiction under a valid assignment of error, the first grant of a new trial on certiorari will always be affirmed, unless the verdict and judgment rendered in the trial court were as a matter of law demanded, and that this is true " even though the judge in granting the new trial had no jurisdiction to pass upon the discretionary grounds, and even though the court may have committed error in passing upon the specific ground upon which it awarded a new trial." See also the recent case of *Rowe Express Co.* v. *Twiggs County,* 152 *Ga.* 548 (110 S. E. 303).

*Judgment reversed. Stephens and Bell, JJ., concur.*