14553, 14637. KIRK *v.* JEFFERSON LOAN SOCIETY; and *vice versa.*

This case is controlled by the ruling in the case of *Johnston* v. *Brenau College,* 146 *Ga.* 182, 187 (91 S. E. 85), where it was held, that if the losing party in a case tried by a judge of the municipal court of Atlanta "sues out the writ [of certiorari] to the decision made by the trial judge, he can have the question whether the finding is contrary to evidence and contrary to law passed upon; but if, instead of suing out the writ of certiorari then, he takes an appeal to the appellate division, inasmuch as the act eliminates these two questions on such appeal, he cannot have them reviewed by certiorari taken from a decision made by such division."

DECIDED DECEMBER 10, 1923.

Certiorari; from Fulton superior court—Judge Bell. April 9, 1923.

*Jackson & Echols,* for plaintiff.

*Weltner, Cheatham & Sims,* for defendant.

JENKINS, P. J. The petitioner in certiorari, as plaintiff, brought in the municipal court of Atlanta an action in trover for the recovery of a diamond ring, pledged to the defendant as a pawnbroker as security for a loan of $100, and alleged that he had tendered to the defendant the full principal and interest due and demanded the property, but that the demand was refused. The finding and judgment of the judge of the municipal court who tried the case was in favor of the defendant, and the plaintiff made an oral motion for a new trial, upon two grounds, which, subse-

quently reduced to writing, are in terms as follows: (1) "wherein appellant set up and insisted that a charge of $3 per month on a loan of $97 received, charged, taken, and collected by the pawn-broker was error and contrary to law under the laws governing loans of money;" and (2) "that the positive proof of the plaintiff as to the valuation of the property was $225, and, under the contract and law governing the same, that the defendant was without authority of law to sell the property that was sold for the price it was sold for at the time he is alleged to have sold it, and if the same was sold the same should have been sold for its true valuation, and the surplus that it brought in addition to the amount that plaintiff owed to defendant should have been paid to the plaintiff." From an order overruling this motion for new trial the plaintiff appealed to the appellate division of the municipal court upon the same grounds; and thereafter, the judgment being there affirmed, the case was taken by certiorari to the superior court. Exception is now taken to the order overruling the certiorari.

"If the plaintiff in certiorari sues out the writ to the decision made by the trial judge [in the municipal court of Atlanta], he can have the question as to whether the finding is contrary to evidence and contrary to law passed upon; but if, instead of suing out the writ of certiorari then, he takes an appeal to the appellate division, inasmuch as the act eliminates these two general questions on such appeal, he cannot have them reviewed by certiorari taken from a decision made by such division." *Johnston* v. *Brenau College,* 146 *Ga.* 182 (5 *b*), 187 (91 S. E. 85); *Gresham* v. *Lee,* 152 *Ga.* 829, 835 (111 S. E. 404); Ga. L. 1913, p. 168. While the petition for certiorari recites, by way of history of the case, that the municipal-court judge overruled the plaintiff's demurrer to paragraph 4 of the answer, "wherein defendant seeks to enforce by way of charges three per cent. per month on a loan of one hundred dollars," there is no exception to this order. The two contentions of the plaintiff in the motion for new trial and as grounds of appeal to the appellate division, including the attack on the three per cent. a month interest charge, are made only in an attack upon the finding and judgment itself in favor of the defendant. The exceptions, being thus necessarily limited to the correctness of the finding and judgment as being contrary to law, under the evidence, fall within the ruling in the *Brenau College* case, and

are without merit.   The superior court properly overruled the certiorari.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.   Stephens and Bell, JJ., concur.*