### 14894. Long *v.* Burge, Stevens & Conklin.

Jenkins, P. J. 1. Where certiorari in a case tried in the municipal court of Atlanta is applied for more than 30 days after the rendition of a verdict and judgment adverse to the petitioner, but within 30 days from the overruling of his motion for new trial, and exceptions are taken both to the verdict and judgment and to the order refusing a new trial, only the latter can be considered. If the petitioner desires to except to the verdict and judgment, the certiorari must be applied for within 30 days thereafter. *Louisville & Nashville R. Co.* v. *Lovelace,* 24 *Ga. App.* 616 (1) (101 S. E. 718) ; s. c. 26 *Ga. App.* 286 (1) (106 S. E. 6) ; *Freedman* v. *Bush,* 30 *Ga. App.* 757 (119 S. E. 421).

2. Where the evidence authorized a finding that the plaintiff architects and the defendant owner of land entered into a contract under which the architects were to make preliminary plans and drawings for a building thereon, with the understanding that if the owner should decide to erect the building the architects, while not to be paid for such preliminary work, were to be given the complete architectural contract, but if the erection of the building should be abandoned, then the architects were to be paid for their preliminary work, it was incumbent upon the architects, in a suit to recover compensation for such preliminary work, to show that the idea or intent of erecting the building had been abandoned by the owner, as it was upon this theory that their claim for compensation was predicated. *Herrington* v. *Jones,* 132 *Ga.* 209 (63 S. E. 832) ; *Dolan* v. *Lifsey,* 19 *Ga. App.* 518 (5) (91 S. E. 913) ; *Macon Union Co-op. Assn.* v. *Chance,* 31 *Ga. App.* 636 (122 S. E. 66 (3) ). Such an abandonment may be established by words, acts, or conduct of the owner (*Miller* v. *Watson,* 139 *Ga.* 29, 32, 33, 76 S. E. 585), or by evidence that he had actually failed to consummate the design within the time contemplated by the contract.

3. "When a contract fixes no time for performance, it is to be construed as allowing a reasonable time for that purpose; and what is a reasonable time is" generally "a matter of fact to be determined by a jury under all of the circumstances of the case." *Bearden Mercantile Co.* v. *Madison*

7

*Oil Co.*, 128 *Ga.* 695 (3) (58 S. E. 200); *American Ry. Express Co.* v. *Roberts*, 28 *Ga. App.* 510 (1, 2) (111 S. E. 744). It appears from undisputed evidence in the instant case that about two years had elapsed after the making of the preliminary plans, and that during this time the defendant owner took no step toward the erection of the building in question. While he testified that he had not "abandoned" the idea, he failed to give any sort of testimony indicating a purpose to erect the building, and, after basing any such possible intention upon the condition that other parties should erect another building on the adjoining lot at some indefinite time, testified merely that "we may, if financial and other circumstances are favorable, build the office building." Under this evidence, taken in connection with the lapse of time from the making of the contract, the verdict for the plaintiffs upon the issue of abandonment was authorized, and the judge of the superior court did not err in overruling the defendant's certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 19, 1924.

Certiorari; from Fulton superior court—Judge Humphries. May 11, 1923.

*Etheridge, Sams & Etheridge,* for plaintiff in error.

*Burress & Dillard,* contra.