15558.   REESE *et al. v.* MILLER.

JENKINS, P. J.   1.   "Where a certiorari from the municipal court of Atlanta is taken more than 30 days after the rendition of a verdict and judgment adverse to the petitioner, but within 30 days from the overruling of his motion for new trial, and exceptions are taken both to the verdict and judgment and to the order refusing a new trial, only the latter can be considered. If a petitioner desires to except to the verdict and judgment, the certiorari must be brought within 30 days thereafter." *Long* v. *Burge,* 33 *Ga. App.* 97 (122 S. E. 716) ; *Louisville & Nashville R. Co.* v. *Lovelace,* 24 *Ga. App.* 616 (101 S. E. 718) ; s. c. 26 *Ga. App.* 286 (1) (106 S. E. 6).

2. While it is true, with regard to writs of error, that "a general assignment of error, excepting to a judgment overruling and denying a motion for a new trial, is sufficiently specific to bring under review all the grounds of error properly made in the motion," without repeating such grounds in the bill of exceptions where they appear in due form in the record (*Butler* v. *Hall,* 7 *Ga. App.* 777, 68 S. E. 331; *Rigell* v. *Sirmans,* 123 *Ga.* 455, 51 S. E. 381; *Crouch* v. *Spooner,* 8 *Ga. App.* 626, 69 S. E. 1129), and that a similar rule is applicable to petitions for certiorari from judgments on motions for new trials, and while it is also true that an oral motion for new trial in the municipal court of Atlanta is sufficient, a petition for certiorari, excepting to the overruling of such an oral motion for new trial, must, however, state plainly and distinctly the grounds which were then and there urged; and where these do not appear, a general exception to the overruling of the motion will not suffice. This is true even though the exceptions to the *overruling* of the motion for new trial may set forth alleged errors, such as that the verdict and judgment are without evidence to support them, and that the court erred in admitting certain evidence, in giving certain instructions to the jury, in making certain statements in their presence,

and in allowing, during the trial, a certain amendment to the answer, where the petition for certiorari has failed to question in due time the verdict and judgment itself, and where the petition fails to indicate that the errors complained of were those urged in the motion for new trial, or what grounds were there urged. *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517 (46 S. E. 638) ; *Holcomb* v. *Finch,* 25 *Ga. App.* 261 (2) (103 S. E. 38) ; *Freedman* v. *Bush,* 30 *Ga. App.* 757 (119 S. E. 421) ; *Green* v. *Patterson,* 25 *Ga. App.* 374 (103 S. E. 437). See also *Clay* v. *Smith,* 108 *Ga.* 189 (2) (33 S. E. 963) ; *Benning* v. *Horkan,* 123 *Ga.* 454 (51 S. E. 333).

3. "Assignments of error and recitals of fact in a petition for certiorari not affirmatively verified in the answer can not be considered." The answer of the judge of the municipal court of Atlanta should verify the grounds stated in the petition, or show what grounds were actually urged in the oral motion for new trial, to the refusal or grant of which the petitioner in certiorari excepts. *Shirling* v. *Kennon,* 119 *Ga.* 501 (2) (46 S. E. 630) ; *Freedman* v. *Bush,* supra; *Moore* v. *Coleman,* 28 *Ga. App.* 427 (111 S. E. 579).

4. "Since the presumptions are always in favor of the verdict and judgment, and the burden is upon him who alleges error to show it, uncertainties or ambiguities in the answer to the writ of certiorari as made by the trial judge must be construed" favorably to a judgment refusing a new trial. *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (4) (116 S. E. 922).

5. In the instant case, so far as indicated by the petition for certiorari, there is nothing to show that the alleged errors or any of them were grounds of the oral motion for new trial, or what such grounds were. The only reference in the record is the 3d paragraph of the answer of the trial judge, as follows: "The assignments of error are not answered, because they require no answer by respondent. However, with reference to the assignments of error set out in paragraphs 5 and 6," relating to alleged prejudicial statements made by the court in the presence of the jury, "respondent says they were not insisted upon by the movant in his oral motion for a new trial." It is contended by the plaintiff in error that this should be construed as a verification of all other assignments in the petition; but since the exceptions in the petition are not alleged to have been grounds of the motion for new trial, and since uncertainties and ambiguities in the answer can not be resolved in favor of the petitioner, the bare negative reference to specified grounds as not having been urged can not be taken by implication as a verification and positive affirmation that other exceptions were actually urged. The superior court properly, on motion, dismissed the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 12, 1925.

Certiorari; from Fulton superior court—Judge Ellis. February 12, 1924.

*McElreath & Scott,* for plaintiffs.

*Napier, Wright & Wood, J. N. Johnson,* for defendant.