### 16950.   HOPKINS INVESTMENT COMPANY *v.* CRAWFORD.

BELL, J.   1. Where, in a case tried by a jury in the municipal court of Atlanta, the judge directed a verdict, and the losing party made a timely oral motion for a new trial, a ground of the motion which com-

---

Appeal and Error, 4 C. J. p. 649, n. 36.
Certiorari, 11 C. J. p. 92, n. 75; p. 151, n. 51, 54 New.
New Trial, 29 Cyc. p. 957, n. 63 New.

plained that the court erred in such direction because there were issues of fact for determination by the jury, was sufficient to raise the question of whether, under the pleadings and the evidence, the particular verdict directed was demanded as a matter of law. *Meeks* v. *Meeks*, 5 *Ga. App.* 394 (63 S. E. 270); *Ewing* v. *Bowser*, 14 *Ga. App.* 305 (80 S. E. 693); *Savannah Trust Co.* v. *National Bank of Savannah*, 16 *Ga. App.* 706 (86 S. E. 49).

2. Where a petition for certiorari to review a judgment overruling such motion set forth the grounds of the motion and disclosed that one of them was as indicated above, a general assignment, then made in the petition, that the court erred in overruling the motion was sufficient to bring into question the propriety of the court's action in directing the verdict. *Huxford* v. *Southern Pine Co. of Ga.*, 124 *Ga.* 181 (52 S. E. 439); *Reese* v. *Miller*, 33 *Ga. App.* 442 (2) (126 S. E. 904).

3. A petition for certiorari should not be dismissed for want of sufficient assignments of error, if it contains one sufficient assignment. *Sizemore* v. *Woolard*, 3 *Ga. App.* 261 (1) (59 S. E. 833).

4. The party against whom the verdict was directed had the right to insist, by motion for a new trial, that such direction was error, and also to except by certiorari to the overruling of the motion. *Stewart* v. *Citizens & Southern Bank*, 30 *Ga. App.* 112 (117 S. E. 115). See also, in this connection, *Johnston* v. *Brenau College Conservatory*, 146 *Ga.* 182 (91 S. E. 85); *Taylor* v. *Mutual Benefit Industrial Life Ins. Ass. of Ga.*, 146 *Ga.* 660 (92 S. E. 47); *Gresham* v. *Lee*, 152 *Ga.* 829 (111 S. E. 404); *Sims* v. *Nelson*, 31 *Ga. App.* 271 (121 S. E. 863); *Geer* v. *Grow*, 31 *Ga. App.* 254 (120 S. E. 426); *Kirk* v. *Jefferson Loan Society*, 31 *Ga. App.* 425 (120 S. E. 696); *Long* v. *Burge*, 32 *Ga. App.* 97 (122 S. E. 716); *Freedman* v. *Bush*, 30 *Ga. App.* 757 (119 S. E. 421); *Reese* v. *Miller*, 33 *Ga. App.* 442 (126 S. E. 904).

5. The judge of the superior court properly refused to dismiss the petition for certiorari upon the ground that it contained no sufficient assignment of error. This ruling is not to be construed as deciding whether other assignments in the petition, not here referred to, are valid or invalid. The judge having refused the motion to dismiss, and it clearly appearing that at least one assignment was sufficient, it is unnecessary to pass upon the validity of the others at this time. Compare *Vandalsem* v. *Caldwell*, 33 *Ga. App.* 88 (7) (125 S. E. 716).

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 20, 1926.

Certiorari; from Fulton superior court—Judge Bell.   October 20, 1925.

*Jackson & Moore,* for plaintiff in error.   *M. Herzberg,* contra.