17534.   EAST RIVER NATIONAL BANK *v.* ELLMAN.

A petition for certiorari does not "plainly and distinctly set forth the error compained of," where its only assignment of error is upon a judgment which affirms a judgment overruling a motion for a new trial, and where the grounds of the motion for a new trial are not set forth in the petition nor attached to it as an exhibit.   For this reason it was proper for the judge of the superior court in this case to dismiss the petition for certiorari.

DECIDED JANUARY 11, 1927.   REHEARING DENIED FEBRUARY 23, 1927.

Certiorari; from Fulton superior court—Judge E. D. Thomas. May 19, 1926.

*Little, Powell, Smith & Goldstein,* for plaintiff.

*Noah J. Stone,* for defendant.

LUKE, J.   The bill of exceptions in this case assigns as error

Certiorari, 11 C. J. p. 150, n. 17; p. 151, n. 51; p. 153, n. 61.

the dismissal of a certiorari upon motion of the defendant in certiorari, the motion being based upon alleged defects in the petition for certiorari. The merits of the case were not passed upon by the judge of the superior court and will not be considered by this court. The petition for certiorari shows that upon the trial of the case in the municipal court of Atlanta a verdict was directed for the defendant, and judgment thereon entered up, and that the plaintiff (who is also the plaintiff in the certiorari proceedings) made a motion for a new trial, which was overruled by the trial judge; that thereafter the plaintiff filed its appeal to the appellate division of the court, appealing from the order of the trial judge overruling its motion for a new trial; that the appellate division of the court affirmed the judgment of the trial court; and that judgment of the appellate division is assigned as error, and is the only assignment of error in the petition for certiorari. The petition, however, *fails to set forth, either literally or in substance, the grounds of the motion for a new trial,* and they are not attached to the petition as an exhibit. The petition, therefore, was fatally defective, as the judge of the superior court, in the absence of the grounds of the motion for a new trial, could not adjudicate the question whether the appellate division of the court erred in affirming the judgment of the trial judge overruling the motion for a new trial; and as a petition for certiorari is not amendable, the judge of the superior court properly dismissed the petition, upon the timely and appropriate motion of the defendant in the certiorari proceedings. The plaintiff in certiorari did not "*plainly* and *distinctly* set forth the errors complained of" (italics ours), as is required by section 5183 of the Civil Code of 1910.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*