22667. ECHOLS *v.* MOSES *et al.*

SUTTON, J. In a suit in the municipal court of Atlanta the jury returned a verdict for the plaintiff, and judgment was entered thereon on January 29, 1930. On March 6, 1930, the trial judge overruled the defendants' oral motion for a new trial. On March 15, 1930, the defendants appealed to the appellate division of the municipal court, assigning error upon the verdict of the jury and the judgment entered thereon, as being contrary to law, and upon the judgment overruling the motion for a new trial as being contrary to the evidence and without evidence to support it. The grounds of the oral motion for a new trial were not set forth in the appeal. The appellate division affirmed the judgment. The defendants sued out certiorari, assigning error upon the judgment of the appellate division, and alleged that it was erroneous on all the grounds set forth in their oral motion for new trial. The superior court sustained the certiorari and granted the defendants a new trial, and to this judgment the plaintiff excepted. *Held:*

1. "An assignment of error in an appeal to the appellate division of the municipal court of Atlanta from an order of the trial judge overruling

an oral motion for new trial, which does not set forth the grounds of the oral motion, is incomplete and presents nothing for consideration by the appellate division." *Columbia &c. Asso.* v. *Roberts,* 44 *Ga. App.* 314 (161 S. E. 291).

2. An assignment of error in an appeal to the appellate division of the municipal court of Atlanta, excepting directly to the final verdict and judgment rendered upon the trial, is made too late to confer jurisdiction upon the appellate division, where the appeal is made after ten days from the date of such verdict and judgment. *Coppedge Dry-Cleaning Co.* v. *Levine,* 41 *Ga. App.* 382 (153 S. E. 206).

3. It not appearing what grounds of error were urged on the motion for a new trial, the general assignment of error in the appeal on the judgment overruling the motion, on the ground that it was contrary to the evidence and without evidence to support it, is insufficient to take the case out of the principles announced above. *Holcomb* v. *Finch,* 25 *Ga. App.* 261 (2) (103 S. E. 38); *Reese* v. *Miller,* 33 *Ga. App.* 442 (2) (126 S. E. 904).

4. The appeal in this case being incomplete and presenting nothing for consideration by the appellate division of the municipal court of Atlanta, the petition for certiorari, assigning error upon the judgment of the appellate division affirming the judgment, presented nothing for determination by the judge of the superior court, and he should have dismissed the petition for certiorari.

5. Applying the rulings made above, the judge of the superior court erred in sustaining the certiorari and in granting a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided April 5, 1933.

*Durwood T. Pye, M. G. Hicks,* for plaintiff.
*A. T. Walden,* for defendants.

