23979. GIBBS *v.* CAROLINA PORTLAND CEMENT COMPANY.

SUTTON, J. The plaintiff furnished certain building materials to the defendant on a running account ending on May 20, 1925. On June 12, 1925, it filed and had recorded its materialman's lien. On January 16, 1926, plaintiff filed its petition in the municipal court of Atlanta to foreclose said lien. On March 9, 1926, the case was tried before a judge of that court, without the intervention of a jury. Under the evidence, the judge, acting as trior, was authorized to find that the building materials sued for were sold by the plaintiff to the defendant, and not, as set up in her answer, sold to her husband, who was constructing a house for the defendant, that they were charged to the wife with her knowledge, and that these purchases were ratified by the wife, who informed the collector of the plaintiff, when he called to collect for the materials so sold, that she would pay the amount later, as she was expecting some money from a relative. The trial judge found in favor of the plaintiff. The defendant made an oral motion for new trial, which was overruled, and she appealed to the appellate division of that court, where the judgment overruling her motion for new trial was affirmed. The defendant then filed her petition to the superior court for the writ of certiorari to review the judgment of the appellate division of the municipal court. On February 14, 1934, the superior court overruled her petition for certiorari, and to this judgment the defendant excepted. *Held:*

230

1. Defendant's appeal to the appellate division of the municipal court of Atlanta did not contain the grounds of her oral motion for new trial. The assignment of error was incomplete and presented nothing for consideration by the appellate division. It not appearing what grounds of error were urged on the motion for a new trial, the general assignment of error in the appeal, that the court erred in overruling defendant's motion for a new trial, was insufficient to present anything for consideration on review. *Reese* v. *Miller*, 33 *Ga. App.* 442 (126 S. E. 904); *Echols* v. *Moses*, 46 *Ga. App.* 704 (169 S. E. 57). The appeal having been sued out more than ten days after the rendition of the final judgment, the assignments of error therein, excepting directly to the final judgment against the defendant on the ground that the judgment was contrary to the evidence and without evidence to support it, came too late to be considered by the appellate division of the municipal court. *Branon* v. *Ellbce Pictures Cor.*, 40 *Ga. App.* 450 (150 S. E. 168).

2. Moreover, the judge of the superior court did not err in overruling the defendant's petition for certiorari on its merits.

(a) The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf. Civil Code (1910), § 3569.

(b) The principal is bound by all the acts of his agent within the scope of his authority. The form in which the agent acts is immaterial; if the principal's name is disclosed, and the agent professes to act for him, it will be held to be the act of the principal. The agent's authority will be construed to include all necessary and usual means for effectually executing it. Private instructions or limitations not known to persons dealing with a general agent cannot affect them. Civil Code (1910), §§ 3593, 3594, 3595.

(c) Where the agency is known, and the credit is not expressly given to the agent, he is not personally responsible upon the contract. The question of to whom credit is given is a question of fact to be decided by the jury upon the circumstances in each case. Civil Code (1910), § 3611.

(d) It has been held under the above section of the code and section 3594 that it is a general rule—standing on strong foundations, and pervading every system of jurisprudence—that where an agent is duly constituted, and names his principal, and contracts in his name, the principal is responsible, and not the agent. *Tiller* v. *Spradley*, 39 *Ga.* 35, 38.

(e) Under this section, omitting cases of contracts under seal, negotiable instruments, and those in which there is an express declaration in writing or an intention and agreement on the part of an agent to be individually bound, usually where the agent contracts in his own name, but with his principal known, the question as to whether the principal or the agent is bound is one of fact. *Phinizy* v. *Bush*, 129 *Ga.* 479 (59 S. E. 259); *Jones* v. *Lathrop*, 44 *Ga.* 398, 412.

(f) While proof of the relationship of husband and wife, and that work was done and material furnished to improve real estate belonging to the wife, without more, is not sufficient evidence to establish the fact that she is an undisclosed principal and the husband merely her agent, so as to render her liable for contracts made by him with third persons

(*Porter* v. *Terrell*, 2 *Ga. App.* 269), yet only slight evidence of the husband's agency is required under the law to charge the wife with being the principal (*Pinkston* v. *Cedar Hill Nursery & Orchard Co.*, 123 *Ga.* 302, 51 S. E. 387); *Akers* v. *Kirke*, 91 *Ga.* 590, 18 S. E. 366); and the evidence authorized a finding that the materials were bought to be used in the house of the wife being built by the husband, that the materials were bought by the husband in the wife's name, that the creditor extended the credit to the wife, and that the wife ratified the husband's purchase of the materials, by promising to pay for them at a later date. In these circumstances the trial judge properly overruled the defendant's motion for a new trial upon the general statutory grounds.

3. A general judgment against the husband of the defendant in this case was not a necessary prerequisite to the filing of the petition to foreclose the plaintiff's materialman's lien against the defendant. Where a lien upon the premises improved by the furnishing of materials by a materialman to a contractor is claimed by the materialman, under subsection 2 of section 3352 of the Civil Code (1910), it is necessary, in order to foreclose such lien, that the materialman have a judgment against the contractor. *Buck* v. *Tifton Mfg. Co.*, 4 *Ga. App.* 695 (62 S. E. 107); *Clayton* v. *Farrar Lumber Co.*, 119 *Ga.* 37 (45 S. E. 723); *Mauck* v. *Rosser*, 126 *Ga.* 268 (55 S. E. 32). The lien of the plaintiff in this case was claimed under subsection 1 of section 3352 of the code against the defendant as owner of the premises improved, and as the one to whom the materials were furnished, and the lien was recorded and foreclosed under section 3353 of the code. The husband was alleged to have purchased the materials as the agent of the defendant, and not as her contractor.

4. Applying the above rulings, the superior court did not err in overruling defendant's petition for certiorari.

*Judgment affirmed. Jenkins, P. J., concurs.*

STEPHENS, J., concurs in the judgment of affirmance based on paragraph 1 of the opinion.

*B. L. Milling, John M. Seal,* for plaintiff in error.
*Grant & Long,* contra.