26342. WRENN *et al.,* executors, *v.* BOWDEN.

Decided September 23, 1937. Rehearing denied November 13, 1937.

*E. L. Douglas,* for plaintiffs. *M. Herzberg,* for defendant.

Sutton, J. This was a certiorari case, from the record in which it appears that the plaintiffs brought suit in the municipal court of Atlanta to recover the amount of certain water bills alleged to be obligations against the defendant; that one trial was had, and a new trial was granted by the trial judge. The petition for certiorari then alleges: "2. Plaintiffs filed an amendment which was allowed and ordered filed subject to demurrer, Sept. 14, 1936. 4. On Sept. 26, 1936, the judge wrote to plaintiffs' attorney, to wit: 'I have taken the renewed demurrer under advisement in the above case, and will call same on Thursday Oct. 8, 1936. I

suggest that you do not subpœna witnesses until after ruling on demurrer.' 5. On Oct. 8th, 1936, the judge, without hearing any evidence, directed the jury to sign the following verdict, to wit: 'We, the jury, find in favor of the defendant. This Oct. 8, '36. Frank E. Ellis, Foreman.' Thereupon the following judgment was entered: 6. 'Whereupon it is considered, ordered, and adjudged that the defendant do have and recover of the plaintiffs $—— costs of court. This Oct. 8, '36. (Signed) Augustus M. Roan, Judge M. Ct. Atl.' . . 10. To the said direction of said verdict, and to the judgment thereon, plaintiffs then excepted, now except and assign the same as error." It is next alleged that an oral motion for new trial was made by the plaintiffs, which was overruled on October 15, 1936. In paragraph 13 the plaintiffs specifically assign as error the direction by the judge of the verdict set out in paragraph 5; the judgment thereon set out in paragraph 6; the denial of the motion for new trial set out in paragraph 12; and the direction of the verdict, as unauthorized and illegal, the plaintiffs having no opportunity to offer evidence, and there being no issue of fact and no evidence before the jury or court, authorizing the verdict or the direction of a verdict, and the case not being in default. The trial judge in his answer says: "That paragraphs 3-4-5-6 of plaintiffs' petition in certiorari are true as alleged, and are hereby adopted as a part of respondent's answer, except that your respondent did sustain defendant's oral motion to dismiss prior to the direction of a verdict for defendant. Paragraphs 10-11-12-13 as relate to facts and proceedings in said case are true as set out, except that your respondent did, on October 8th, sustain defendants oral motion to dismiss said case." The petition for certiorari was sanctioned October 23, 1936, within thirty days from the date of the direction of the verdict and judgment complained of. The order of the judge of the superior court was as follows: "The above certiorari coming on for a hearing, on motion of dft. in certiorari that said petition for certiorari sets forth no assignment of error with which the court can deal, and does not set forth what errors were urged and insisted upon upon the hearing of said motion for a new trial, or plainly and distinctly set forth or insisted upon or urged on the motion for new trial, said motion is sustained and said certiorari dismissed, with costs against plaintiff in certiorari."

■ The plaintiffs contend, in their bill of exceptions, that they specifically and properly excepted to and assigned error in the petition for certiorari on the direction of the verdict and judgment against them in favor of the defendant, and the judgment entered on that verdict stood as the final judgment after the oral motion for new trial was overruled; and that the petition for certiorari was brought and sanctioned within thirty days from the date of such verdict and judgment, and should not have been dismissed. Their position is well taken, under prior rulings of this court dealing with the same kind of a question. In *Louisville & Nashville R. Co.* v. *Lovelace,* 24 *Ga. App.* 616 (101 S. E. 718), it was held: "The right of certiorari is a constitutional right, and the writ lies to correct errors in any inferior judicatory, including the municipal court of Atlanta. While a writ of certiorari lies to a final judgment entered upon a verdict rendered in the municipal court of Atlanta, without any motion for new trial having been made, it does not follow that when the losing party avails himself of his statutory right to an oral motion for a new trial to set aside such judgment he forfeits his constitutional right to except by certiorari to the original judgment. After an oral motion for a new trial in the municipal court of Atlanta has been finally disposed of, either by having been overruled or dismissed, the jurisdiction which that court had over the case thereby ceases and the original judgment stands as final. Where a motion for new trial is made in the municipal court of Atlanta and overruled, certiorari afterwards lies to the original judgment rendered therein if presented within thirty days from the rendition of the judgment, and in the petition for certiorari it is not necessary to except to the action of the trial judge in overruling the motion for new trial." See s. c., 26 *Ga. App.* 286 (106 S. E. 6). It is true that one assignment of error in the petition for certiorari excepted to the overruling of the oral motion for new trial, without stating the grounds of such motion. This was insufficient as an assignment of error. But a petition for certiorari will not be dismissed on account of such insufficient assignment of error, where it contains an additional assignment of error presenting for determination a question of law. *Louisville & Nashville R. Co.* v. *Lovelace,* supra. The direction of the verdict in the present case, without evidence, was unauthorized and il-

legal, and proper assignments of error were taken thereto, and to the judgment entered on such verdict, in the petition for certiorari.

■ The court erred in dismissing the certiorari. The present case is distinguishable from *Green* v. *Patterson,* 25 *Ga. App.* 374 (103 S. E. 437), *East River National Bank* v. *Ellman,* 36 *Ga. App.* 263 (136 S. E. 799), and *Echols* v. *Moses,* 46 *Ga. App.* 704 (169 S. E. 57), where it was held that an assignment of error to an order of a trial judge overruling an oral motion for new trial, where the grounds of the motion are not set forth, is insufficient and presents nothing for consideration.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*