### 33332. TITSHAW *v.* RUSHTON.

DECIDED APRIL 6, 1951.

686

*Ralph C. Brown,* for plaintiff.

*N. T. Anderson,* for defendant.

WORRILL, J. Rushton obtained a verdict and judgment against Mrs. Titshaw at the March, 1950, term of the Civil Court of Fulton County. Thereafter, during the April, 1950, term of said court, the defendant filed a "motion in arrest of judgment," and the court granted a rule nisi thereon. To that motion the plaintiff filed a demurrer and motion to dismiss the "motion in arrest of judgment," on the ground therein set out, among others, that "said motion is filed too late since it is filed more than five days after the rendering of the judgment, and is filed not at the term of said court at which said judgment was rendered, but at a subsequent term, since said judgment was rendered at the March term, 1950, and said motion was filed in the April term, 1950, of said court." The trial court overruled the plaintiff's motion, and thereafter, on April 14, 1950, entered an order setting aside the verdict and judgment originally entered. The plaintiff filed his petition to the superior court for a writ of certiorari, assigning error therein on the grounds among others that the order "denying said demurrer and motion to strike said motion entitled 'motion in arrest of judgment,' and in dismissing same," was erroneous. The petition for certiorari had attached thereto as exhibits, and by reference made a part thereof, copies of the said "motion in arrest of judgment" and of the plaintiff's demurrer and motion to dismiss the defendant's motion. To the plaintiff's petition for certiorari the defendant filed a general motion to dismiss on two grounds, only the first of which is argued or insisted upon in this court by counsel for the plaintiff in error, namely: "That the application [petition for a writ of certiorari] does not contain a proper assignment of error, whether of law or of fact, and nowhere in said application is it stated that the action of the lower court was contrary to law or whether it was mixed law and fact and [is] violative of Section 19-203 of Georgia Civil Code of 1933, which, inter alia, provides that he shall ' . . plainly and distinctly set forth the errors complained,' and assign error; and the attempt to assign error is too vague, indefinite and general and the ap-

plication and writ of certiorari should be dismissed." The judge of the superior court overruled and denied the defendant's motion to dismiss the petition for certiorari and entered an order sustaining the certiorari and entered a final judgment making the original judgment of the Civil Court of Fulton County in favor of the plaintiff the judgment of the superior court. The sole exception in this court is to the order overruling the defendant's motion to dismiss the petition for certiorari.

While a petition for certiorari, like a bill of exceptions, must "plainly and distinctly set forth the errors complained of" and, while it has generally been held that such assignments of error must do more than merely allege in general terms that the trial court committed error, but must set forth how or wherein the court erred (*Mutual Building &c Assn.* v. *Glessner,* 99 *Ga.* 747, 27 S. E. 187; *Smith* v. *Marshall,* 127 *Ga.* 374, 56 S. E. 416; *Greenwood* v. *Ledford,* 46 *Ga. App.* 123, 166 S. E. 839)— the principle thus applied in these cases, and in others like them relied on by the plaintiff in error, is based on the fact that such exceptions were to judgments or rulings of the trial judge on issues both of law and fact, and where there did not appear elsewhere in the petition for certiorari or bill of exceptions or in the record a clear and distinct statement of the contentions made by the excepting party.

Such is not the case here. While the assignments of error in the petition for certiorari itself are in general terms, at least one of the assignments clearly excepts to the order overruling the plaintiff's demurrer and motion to strike and thus raises a question of law. Reference to the copy of that demurrer and motion to strike the defendant's "motion in arrest of judgment," which demurrer and motion to strike was made a part of the petition for certiorari by reference, clearly shows the grounds upon which the plaintiff contends the trial court should have sustained the demurrer and motion to strike, and consequently is a sufficient statement of the reasons why the court erred in not doing so. Under these circumstances that assignment of error contained in the petition for certiorari which on its face clearly raised a question of law as to the overruling of the demurrer, was sufficient to withstand the defendant's "general motion to dismiss." *Etheridge* v. *Peak,* 44 *Ga. App.* 575 (1) (162

688

S. E. 402); *Wrenn v. Bowden,* 56 *Ga. App.* 713(1a) (193 S. E. 456); *Davis v. James,* 145 *Ga.* 325 (1) (89 S. E. 203). Since the petition for certiorari contained one valid assignment of error, the trial court properly refused to dismiss it. *Hopkins Investment Co. v. Crawford,* 35 *Ga. App.* 331 (3) (132 S. E. 925).

The argument respecting the propriety of a writ of certiorari to review "void judgments," made by counsel for the plaintiff in error in his brief, will not be considered since it does not appear from the record that this question was raised in the superior court, but appears to have been raised for the first time in this court.

The judge of the superior court did not err in overruling the defendant's "general motion to dismiss" the petition for certiorari.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*